OF THE

# 𝕾𝖀𝕻𝕽𝕰𝕸𝕰 𝕮𝕺𝖀𝕽𝕿 𝕺𝕱 𝕸𝕴𝕾𝕾𝕺𝖀𝕽𝕴,

SECOND JUDICIAL DISTRICT.—April Term, 1836.

## Jones v. Talbot.

1. When an insolvent debtor obtains a final discharge, and at a subsequent term allegations of fraud are filed against him, he is entitled to a continuance as matter of course.
2. It seems that a debtor may give a preference to some of his creditors, in contemplation of taking the benefit of the insolvent act; and such preference is not therefore an *undue* preference—nor is it therefore fraudulent.
3. Where erroneous instructions are given for one party, the error is not corrected by giving for the other party instructions explanatory or contradictory to those first given. The erroneous instructions should be expressly withdrawn from the jury.

ON appeal from the circuit court of Warren county.

This case arises out of the insolvent debtors act. (Rev. Code, p. 445) On the 15th of May 1832, the plaintiff sued out process against the defendant, who on the 22nd of the same month, made out and delivered the schedule and took the oath required by the act, and was finally discharged at the Sept. term of the circuit court 1832. Afterwards at the Sept. term 1833, the plaintiff filed allegations against the defendant, charging that he had obtained his discharge under the insolvent debtors' act, through fraud &c., and upon the appearance of the defendant, the plaintiff made his election under the act to have issues made up to be tried, upon the making up of which issues, the defendant moved for a continuance to the next term as of course, under the provisions of the 28th section of the act to regulate proceedings at law (Rev. Code p. 628) which motion was overruled. Then upon affidavit and cause shewn, the case was continued at the costs of the defendant. To the decision of the court in refusing the continuance of course, and on taxing the defendant with the costs of the continuarne upon cause shewn, the defendant excepted.

Afterwards upon trial at the ——— term 1834, the

*Statement of the case.*

issues as made up between the parties, were found for the plaintiff. The defendant thereupn made a motion for a new trial, which was overruled, and excepted to and judgment given for the plaintiff; to reverse which, he has appealed to this court, and now assigns for error the refusal of the circuit court to grant a continuance at the first term and its refusal afterwards to grant a new trial.

The facts of the case as they are presented in the bills of exception, are in substance: that the defendant, Talbot was indebted to several of his brothers and near connexions and friends, as well as to the plaintiff and others; and being so indebted, on the 3rd of April 1832 executed to one of his brothers as trustee, a deed of conveyance, in trust of all his real and personal property, estimated to be worth about $5000, to secure to particular creditors, his friends and connexions, the payment of their debts, amounting to about $2,800. That the debt due from Talbot to Jones, was contracted in July or August 1830, and was for money loaned by Jones to Talbot, at an interest of ten per centum per annum and for which Talbot had some two or three months before, renewed his note to Jones. That this debt due to Jones, with divers other debts due to other creditors, was not provided for in the deed of trust. That some of the debts provided for in the deed, were security debts, and for monies loaned without interest and for services rendered the defendant. That the debt due to the plaintiff and some of the others omitted in the deed, was for money loaned at the rate of ten per centum per annum. That the defendant after the conveyance in trust, was employed by the trustee to superintend the farm and hands conveyed by the deed and to sell the crop &c.; and was allowed out of the proceeds $300, per annum for the first year, and was permitted, in attending to the business of the farm and in travelling about, occasionally to ride one of the mules included in the deed.

The issues made up to be tried upon the allegations of the plaintiff, were: 1st. Did the defendant sell and convey his property in trust for certain of his creditors, for the purpose of defrauding the plaintiff or any other creditor? 2nd. Did the defendant make the conveyance in trust to his brother, with an expectation of some unlawful profit or advantage thereby?

3rd. Did the defendant make the conveyance upon an improper consideration, and with intent to defraud his creditors or any of them? 4th. Did the defendant

deliver all of his property in said deed mentioned, to his brother in trust on an improper consideration and with an intention of taking the benefit of the insolvent debtors' act? 5th. Did the defendant convey his property in trust to his brother on an improper consideration, and with intent to give an undue preference to his creditors in said deed mentioned?

Upon these issues and upon this state of facts, the plaintiff asked for the following instructions, which were given: 1st. That if the defendant conveyed any of his property to any of his creditors with the intent to take the insolvent oath, then the jury must find for Jones.

2nd. That if the jury believe from the evidence, that the deed was made with the intent to take the insolvent oath, then they must find for Jones.

3rd. That if the jury believe from the evidence, that the property conveyed was worth about $5070, and was conveyed to secure the debts pretended to be due in said deed of trust, the same is a circumstance from which they may infer fraud: to the giving of which the defendant excepted.

The defendant then asked for and obtained the following instructions: 1st. That if they believe from the evidence submitted to them in this case, that said defendant conveyed the property in said trust deed mentioned, to his brother in good faith for the purpose therein stated, and without fraud either in law or in fact, the said transfer is not prohibited by the statute of frauds, although it has the effect to hinder and delay the plaintiff from the collection of his debt. 2nd. That if they believe from the evidence, that the transfer of the property in said deed mentioned, was to some bona fide creditors of said defendant, and not to defraud his other creditors, such preference is not prohibited by the insolvent debtors' act, of this State, nor is such preference an undue preference in law.

HUNT and CHAMBERS, for appellants.

This cause arises out of the insolvent debtors' act, Talbot to secure the payment to certain of his creditors their just debts, conveyed to his brother William his real and personal property, by deed of trust, dated, April 3rd, 1832, which was acknowledged and recorded the same day.

Jones and Hickman were not included in this deed, and *although* new notes had been given them a short time previous, they commenced suit against Talbot, and was

Argument of counsel for appts.

APRIL TERM
1836.

Jones
v.
Talbot.

about to arrest him, when on the 22d, of May, he applied and took the insolvent debtors' oath, and summoned all of his property in, and was finally discharged at the September term 1832 from arrest.

Jones thereupon filed allegations against him, for the September term 1833, at which term, at the election of Jones' issues were made up under the direction of the court, pursuant to the statute, which are in substance as follows, to wit: 1st. That Talbot conveyed the property in the deed of trust to his brother, for the purpose of defrauding said Jones and Hickman.

2nd. That he made said deed with an expectation of an unlawful *profit* and advantage to himself.

3rd. That he made it on an improper consideration and with intent to defraud his creditors.

4th. That he had delivered all of his property in said deed on an improper consideration and with intent of taking the benefit of the act.

5th. That he had conveyed said property to his brother on an improper consideration, and with intent to give the creditors in said deed mentioned, an undue preference.

These issues being joined, the defendant claimed as his right to have a continuance till the next term, without shewing cause or paying the costs of the continuance. The court refused to grant this right, and the defendant excepted to the opinion and filed his bill of exceptions and then shew cause and the case was continued at his costs.

At the last May term of the court the cause was tried by a jury, who found all the issues for the pltf. The evidence is saved in a bill of exceptions, and a new trial prayed for, and refused, and the decision of the court excepted to.

To reverse the opinion of the court in giving the above costs against the defendant, and in refusing to give him a new trial in said cause, the case comes here on an appeal.

And the points relied on by the appellant, are: 1st. That it was not the election of the plaintiff at the return term of the summons to propound interrogatories to the defendant, or to have issues made up to be tried by a jury and until the pltf. had made his election, and the issues were made up, the defendant could not have come prepared for trial.—See M. S. p. 450, S. 17, page 628, S. 25.

2nd. Talbot had a right to prefer one creditor or set of creditors to another.

To pay such their just debts, when he could not pay all,

is a good consideration to support the deed as to them, and the duty imposed on the trustee is sufficient to support it as to him.

The intent was to secure the payment of the debts due these preferred creditors, and not to defraud, delay or hinder the others of their claims.

The conveyance was in good faith, and not for an unlawful benefit or advantage to Talbot, nor with a view to take the benefit of the act.

In short, the evidence does not support either of the allegations.—See bill of exceptions.

Sec. 5 T. R. p. 420, 8 T. R. 521; 3 M. and S. p. 371; 3 Price p. 6; 2 p. Williams 427; 15 J. R. 582 *lond*; U. S. Con. R. 6 v. p. 223, Haley v. Fairbanks by Story, circuit court, U. S. Oct. term 1826. Olein *conezer* ap (1) and the authority then cited, 3 Cohan 73; 4 Wheat. 503.

3rd. The first and second instructions of the court, are not confined to the isssues in evidence, and the third is so indefinite and uncertain, that it was calculated to mislead the jury, and neither as *fraimed* ought to have been given by the court, as will appear by the depositions above referred to.

*WASH J. delivered the opinion of the court.

The questions now raised for the consideration of this court are: 1st. Did the circuit court err in refusing the continuance of course, and in adjudging the costs of the continuance upon cause, shewn against the defendant? Did the court err in giving the instructions asked for by the plaintiff? Was the verdict of the jury against law and evidence? And did the circuit court err in overruling the motion for a new trial?

This cause might be readily disposed of without deciding the question first raised; and as the amount involved is a mere trifle, it would not now be looked into; but that it is a new question arising out of the statute, and may serve to settle and direct the practice under it hereafter. The counsel for the appellee insists that the 17th sec. of the insolvent debtors' act, in providing for the summary trial, deprives the defendant of the right of continuance as of course, and that a continuance granted upon cause shewn, is always at the sound discretion of the court, and at the costs of the applicant. For the appellant, it is contended that the insolvent debtors' act "provides (up-

APRIL TERM
1836.

Jones
v.
Talbot.

Opinion of the court

Where an insolvent debtor obtains a final discharge, and at a subsequent term, allegations of fraud are filed against him, he is entitled to a continuance as a matter of course.

*Judge McGirk did not sit in this case.

on the filing of allegations) for the issuing of a summons as in other cases;" and that the 28th sec. of the act to regulate proceedings at law (Rev. Code, p. 628,) gives the defendant a right to a continuance at the first term without shewing cause. That the insolvent debtors' act, relied on by the appellee's counsel does not go the length contended for, and if it did, that the subsequent act to regulate proceedings at law above cited repealed that provision, and secures the right of continuance at the first term in all cases. The law we think is with the appellant on this point.

The language of the 17th sec. above cited, is that "the clerk of the court, before whom such allegations are filed, shall issue a summons as in other cases, requiring the said debtor to appear and answer the said allegations, and upon return of such summons duly served, the court, if the debtor do not appear, (or if he appear and the creditor elect to have issues made up) shall direct an issue or issues to be made up and tried by a jury in a summary way, without the form of an action to determine the truth thereof" &c. It seems to us that the act sufficiently explains itself in what it intends, by having the issues tried in a summary way. That no formal pleading or regular action to determine the truth of the allegations will be required,—not that the trial shall be immediate or without further time, when the defendant could not know whether the plaintiff would elect to file interrogatories or have issues made up for trial, and of course could not be prepared with evidence. To require that the debtor should come prepared at all points with his witnesses before he could know whether or not they would be needed; and when very often they would not and could not be examined, would impose (if not an impossibility) a hardship upon him, at war with the spirit of the act, and in mockery of the relief it profeses to extend.— When the issues have been once made up in whatever summary or informal way, the case stands precisely as any other ordinary or formal action, and the right of the defendant to a continuance of course at the first term, will be as in other cases.

On the other points, the counsel for the appellee, have insisted with much earnestness and ingenuity, first that a correct construction of the insolvent debtors' act, will sustain the instructions given for the plaintiff; and secondly, that if the instructions given for the plaintiff were wrong, they were corrected by these subsequently given for the defendant. It may be conceded that the terms

*It seems that a debtor may give a preference to some of his creditors, in contemplation of taking the benefit of the insolvent act; and*

made use of in the 17th sec. of the act, are somewhat broad and indefinite, but to give them the construction contended for, would be in effect to decide that a debtor cannot prefer one creditor to another; that he may do so, has been repeatedly adjudged, and is conceded by the appellee's counsel. /The law imposes upon a debtor the obligation to pay all his debts, yet the law will, in certain cases, prefer one creditor to another; and a debtor is often called on by the strongest feelings of friendship and affection, to secure a creditor, who without hope or prospect of remuneration or reward, has generously endeavored to sustain him, in preference to the one who has been bearing him down with the weight of interest compounded, and claims regularly his pound of flesh, because 'tis his bond! / The character of the debts provided for in the deed, is not called in question, (unless it may be in the terms of the instructions asked for which speaks of them as debts pretended to be due.) so far as any evidence was given or preserved in regard to them, they were bona fide, and of a character that well justified the preference given them. To secure the payment of bona fide debts, was a sufficient legal consideration. The preference given was an honest, due, and legal preference, and not an undue, improper or fraudulent one.

*such preference is not therfore, an undue preference —nor is it therefore fraudulent.*

There was no room for the jury to infer that the deed was made with intent to defraud the plaintiff, or other creditors, or to give to the creditors named, an undue preference, or made with intent to take the insolvent oath, or to secure to the defendant any unlawful profit or advantage thereby. We think, therefore, that the verdict of the jury was against the law and the evidence given in the cause, and should have been set aside, and a new trial granted. The instructions given for the plaintiff were too general, and not warranted by the evidence. It is not enough to show that they were in effect or might have been corrected by the instructions which were given for the defendant. They should have been expressly withdrawn from the jury. This point has been so adjudged in this court.

Where erroneous instructions are given for one party, the error is not corrected by giving for the other party instructions explanatory or contradictory to those first given. The erroneous instructions should be expressly withdrawn from the jury.