FINK & NASSE, Appellants, v. FRANK ALGERMISSEN; H. B. ALGERMISSEN ET AL., INTERPLEADERS, Respondents.

St. Louis Court of Appeals, March 22, 1887.

1. FRAUDULENT CONVEYANCES — CHATTEL MORTGAGES.—A chattel mortgage, executed for the purpose of hindering and delaying the mortgageor's creditors, is void as to such creditors, although it secures a valid debt, and was made with the purpose, in part, of securing such debt in good faith.

2. ———— INSTRUCTIONS.—Such a mortgage being attacked for fraud, an instruction that it is invalid, unless made for the sole purpose of aiding the debtor in placing the property beyond his creditors' reach, is erroneous.

3. ———— EVIDENCE—DECLARATIONS—INTENTION.—In a proceeding by attachment against mortgaged property, claimed by the mortgagees, evidence of the mortgageor's declarations, made after the execution of the mortgage, as to the intent with which he executed it, are inadmissible as against the mortgagees.

4. INSTRUCTIONS, IRRECONCILABLE.—An instruction which is erroneous, as applied to the facts, is not cured by the giving, for the adverse party, of a correct instruction covering the same point, where the two are irreconcilable.

APPEAL from the St. Charles County Circuit Court, W. W. EDWARDS, Judge.

*Reversed and remanded.*

THEODORE BRUERE and C. W. WILSON, for the appellants: If the interpleaders accepted the mortgage or conveyance, with the intent of thereby aiding and assisting Frank Algermissen in his design to hinder or delay his creditors, then the conveyance is fraudulent and void as to other creditors, even though that intention, on their part, may have been coupled with a purpose to secure, in whole, or in part, a *bona fide* debt. 1

Rev. Stat. 1879, sect. 2494; *Bergert v. Borchert*, 59 Mo. 80, 83; *The State to use v. Nauert*, 2 Mo. App. 295, 296; *Holmes v. Braidwood*, 82 Mo. 610, 616; *Shelley v. Boothe*, 73 Mo. 77; *Stone v. Spencer*, 77 Mo. 359; *Crow v. Beardsley*, 68 Mo. 439, 440; *Cordes v. Straszer*, 8 Mo. App. 61, 62.

O. J. MUDD & BROTHER, for the respondents: The debt secured was admitted to be *bona fide*. *Holmes v. Braidwood*, 82 Mo. 610; *Shelley v. Boothe*, 73 Mo. 77; *Lane v. Ewing*, 31 Mo. 75. The evidence does not show, as stated by appellants in their brief, that F. Algermissen ever was in possession after making the mortgage in his own right, but only as the agent or bailee of the interpleaders, which possession, not being for his own use, is perfectly lawful in a case of this kind. Pierce on Mort. of Mdse. sect. 58; *Hewson v. Tootle*, 72 Mo. 632; *Metzner v. Graham*, 57 Mo. 404; *The State to use v. Jacob*, 2 Mo. App. 183; *The State to use v. D'Oench*, 31 Mo. 453; Kelley's Mo. Treatise, sect. 668. Instruction six given for the interpleaders, in view of the admitted facts of this case, contains no improper declarations of law. It is correct. The admissions and statements of a grantor may not operate against the honest acts of a grantee. They may be evidence of fraud in the grantor; but the fraudulent purpose of the grantor is harmless as to the grantee, unless the latter participate therein. *Holmes v. Braidwood*, 82 Mo. 615; *Singer v. Goldenberg*, 17 Mo. App. 549; *Thompson v. Foerstel*, 10 Mo. App. 290; *Metzner v. Graham*, 57 Mo. 404.

THOMPSON, J., delivered the opinion of the court. This was a contest between the plaintiffs in an attachment suit and certain interpleaders, who claimed the goods attached, by virtue of a chattel mortgage. The goods consisted of the stock in trade of the attachment defendant, who was a retail merchant. The mortgagees were his relatives. The mortgage was given to secure,

among other things, an alleged indebtedness, the amount of which had not been determined, and certain contingent liabilities of endorsers or sureties for the defendant. The mortgage was duly recorded. After it was executed and recorded, the defendant in the attachment suit continued to carry on the business in the store, and to deal with the stock of goods ostensibly just as he had dealt with them before. He used the moneys, which he received from the sales of merchandise, in payment of his private debts previously incurred, which fact the evidence tends to show was known to the mortgagees, or to some of them. In fact, he never paid over any money to the mortgagees, until the day before the trial of this action, when he handed to one of them the sum of thirty-five dollars, in order, as the latter admitted in his testimony, that he might be able to swear that money had been turned over to him from the proceeds of the merchandise conveyed in the mortgage. About a week after the execution of the mortgage, under advice of counsel, the mortgagees gave to the attachment debtor a paper constituting him their agent to carry on the business. He put the paper in his pocket, concealed the fact of his agency from other creditors, and from the public generally, and continued to carry on the business as before, ostensibly as his own business. In short, the evidence would have fairly authorized the jury to find that the mortgage was intended, in part at least, to shield the debtor from his other creditors, and to enable him to hold them at arm's length, or to obtain compromises from them, which the evidence shows he endeavored to do. If the mortgage was made in part—not only to secure the mortgagees, but to assist the debtor in hindering and delaying his other creditors in the collection of their debts— it was void *in toto* under the well settled law of this state. This proposition is not disputed.

In this state of the evidence, the court, at the request of the interpleaders (the mortgagees), gave instructions to the effect that the interpleaders must

succeed in the suit, unless the mortgage was executed "simply," or "for the sole purpose," of aiding the attachment defendant in putting the property out of the reach of his other creditors. This was error; and, although the jury were very fully instructed on the hypothesis of the plaintiffs, we do not understand that, under the rules which have been laid down in this state touching instructions to juries, the error has been cured. The rule is, that an instruction, which is bad, in point of law, is not cured by an instruction upon the same point, which is good, in point of law, since it can not be determined whether the jury, in making up their verdict, were influenced by the erroneous or the valid instruction, unless the erroneous instruction is, by the good instruction, specially withdrawn. *Henschen v. O'Bannon*, 56 Mo. 289, 292 ; *Pond v. Wyman*, 15 Mo. 175, 181 ; *Jones v. Talbot*, 4 Mo. 285 ; *Mackey v. The People*, 2 Col. 13 ; *Murray v. Commonwealth*, 79 Pa. St. 311 ; *Rice v. Olin*, 79 Pa. St. 391; *Railroad v. Shuckman*, 50 Ind. 42.

In view of the probable re-trial of the cause, it seems proper to make a single suggestion. The deposition of C. C. Rainwater was read without objection, in which he detailed statements which the attachment debtor made to him subsequently to the mortgage, as to the purpose for which the mortgage had been given. As the attachment debtor was not a party to the issue on trial, it is difficult to see upon what principle his declarations made to third persons subsequently to the giving of the mortgage, would be admissible as against the mortgagees, unless a foundation were previously laid for the admission of such declarations, by evidence tending to show a *conspiracy* between him and the mortgagees, to hinder, delay, or defraud, his other creditors by the execution of the mortgage. But, as that was the very question in controversy, the evidence, if objected to, would seem to have fallen within the rule that a conspiracy cannot be proved, in the first instance,

by the declarations of the supposed co-conspirators not made in the presence of each other. On grounds which will readily suggest themselves to counsel, this deposition will not be available on another trial, unless a foundation is laid as above indicated, and unless the statements imputed to Algermissen can be regarded as the declarations of a co-conspirator, made *dum fervet opus.*

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.