IMHOFF VS. THE CHICAGO & MILWAUKEE RAILWAY COMPANY.

*Erroneous instructions given in writing, should be withdrawn.— When liability of railroad, as common carrier of passengers, ceases.*

1. The liability of a railroad company, as a common carrier, for the safety of passengers ceases after they have been made aware of their arrival at the place of destination, and have had a reasonable time to get off the train.

2. Such "reasonable time" is the time within which persons of ordinary prudence in like circumstances get off the cars.

3. In an action against a railroad company as a common carrier of passengers, for personal injuries, there being evidence from which the jury *might* have found that the relation of common carrier had ceased before the accident, a judgment for the plaintiff is reversed because the jury were instructed (by a distinct proposition in writing) that defendant was liable if the injury was caused by its negligence, without negligence of the plaintiff contributing thereto; although by a *subsequent* written instruction they were told, that "if a reasonable time had elapsed for the plaintiff to get out of the cars, the relation of common carrier ceased, and the defendant could not be held liable as a common carrier," and were orally instructed that in such a case ʼthe plaintiff could not recover at all in this action.

4. Erroneous instructions given for one party are not in general sufficiently corrected by inconsistent explanatory instructions given for the other party; but should be withdrawn.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff was a passenger on the defendant's road from Chicago to Milwaukee; and it is alleged in the complaint that while getting off the cars, after their arrival at the latter place (which was about one o'clock at night), she, through defendant's negligence, was thrown down by the motion of the train, which had commenced backing, and received severe personal injuries; to recover damages for which this action was brought.

The answer denies these allegations. A considerable amount of evidence was introduced by both parties as to the length of time which elapsed after the arrival of the train before it commenced backing, and as to whether the usual signals were given. The defendant's evidence tended to show that the train did not commence backing until at least twenty-five minutes after its arrival.

The court gave the jury the instructions recited in the opin-

ion; and also instructed them that if the plaintiff did not use ordinary care and prudence, or if she was guilty of any negligence which tended to produce the injury, or if she had not shown affirmatively that it occurred through defendant's negligence and without fault on her part, she could not recover. The court refused to instruct them (2.) That if the relation of common carrier had ceased, defendant was liable only for want of common care; or (3.) That if the train had stopped a reasonable time to enable all the passengers to get off, and plaintiff remained in the car, and afterwards received the injury from attempting to get off while the train was in motion, she could not recover; or (4.) That if, after arriving at the end of the route, and after the other passengers had left the train, she remained for twenty minutes, this, unexplained, was evidence of a want of ordinary care on her part. The court then gave the jury a general oral charge, the substance of which was as follows: That the two questions to be determined by them were, 1. Whether the plaintiff was, at the time of the accident, a passenger on defendant's cars. 2. Whether she was injured solely by defendant's negligence, as alleged. "As this contract is of such a responsible character, the passenger cannot prolong it after it has been performed, without the consent of the carrier. Having reached the place of destination, his liability as carrier ceases after a reasonable time has elapsed for passengers to leave the train. In this case it is sought to charge the defendant as a common carrier. I therefore refuse to give the second and third instructions asked by the defendant, because I deem them inapplicable to the case. They go upon the supposition that the plaintiff had ceased to be a passenger at the time of the accident, and I am of opinion that in that case she could not recover at all *under her complaint*, whether the defendant was guilty of negligence or not. * * * You may consider all the evidence in the case, all the circumstances testified to (as the time and place, and the situation of the plaintiff and her family), and determine whether the time that elapsed from

the arrival of the train at Milwaukee to the time the plaintiff was injured, was more than a reasonable time for her to get out of the train; and if so, then she had in law ceased to be a passenger, and defendant is not liable."

Verdict for plaintiff; motion for a new trial overruled; and defendant appeals from a judgment upon the verdict.

*Brown & Pratt*, for appellant.

*E. Fox Cook*, with *Joshua Stark* of counsel, for respondent.*

DOWNER, J.   At the trial, the following instructions given to the jury at the request of the respondent's counsel were excepted to by the appellant: "1. If both parties were guilty of negligence, and the negligence of each party was the proximate cause of the injury, the plaintiff cannot recover; but if the negligence of the railroad company, the defendant, was proximate—that is, negligence occurring at the time the injury happened—and that of the plaintiff was remote, then the plaintiff may recover.   2. If the jury find from the evidence, that ordinary and reasonable care and attention to the safety of the passengers on the train arriving in Milwaukee at one o'clock in the morning, required that, before backing up the train and putting it away, the company should see to it by examination of the passenger cars, that the passengers were all out, and that this was not done on the night when the plaintiff was injured, then the defendant was guilty of negligence; and if the injury to the plaintiff was occasioned by backing the train without such examination and care, the defendant is liable, unless the jury should also find that the plaintiff also was guilty of negligence, which contributed to produce the injury."

Each of these instructions assumes that at the time of the accident the contract of common carrier between the plaintiff

---

* In the elaborate briefs submitted by the respective counsel, the precise point on which the decision in this court finally turned, does not appear to be distinctly discussed.   To the point that particular instructions are to be understood in the light of the evidence *and of the general charge*, Mr. Stark cited 32 N. Y., 561, 479.

and defendant was in force. Whether it was or not, was a severely contested point. It is error for the court to assume a fact which the jury ought to determine. It is true, the court afterwards, when asked by the defendant's counsel, instructed the jury, "That if the jury believe from the evidence that the train had arrived at the end of the route, and that a reasonable time had elapsed for the plaintiff to get out of the cars, after their arrival, before the injury to the plaintiff occurred, then the relation of common carrier between the parties had ceased, and the defendant cannot be held liable for the injury as a common carrier of passengers." The giving of this instruction did not cure the error in the others. Where erroneous instructions are given for one party, the error is not corrected by giving for the other party instructions explanatory inconsistent with, or contradictory to, those first given. The erroneous instructions should be withdrawn from the jury. *Jones v. Talbot*, 4 Mo., 279; *Hickman v. Griffin*, 6 Mo., 37; *Clay v. Miller*, 3 Mon., 146. There may be an exception to this rule, where it is clear to the court that the erroneous instruction did not mislead the jury.

But in this case, the erroneous instructions being given, the jury might have considered the first, and if they found those facts on the finding of which they were told by that instruction the plaintiff was entitled to recover, they might well have concluded they were not bound to examine further, except as to the amount of damages. The same may be said of the second instruction given; for each professes to give all the facts necessary for the jury to find to entitle the plaintiff to recover. And all such facts should be stated in every hypothetical instruction, which disposes of the entire case in favor of one party or the other. For the error in such instruction is not ordinarily corrected by giving other instructions based upon the omitted facts. According to the instructions in this case, if the jury had found the facts set out in either of the plaintiff's instructions they must find for him; and if they found the facts

stated in the instruction given at the request of the defendant, they must find for him.    They might have found from the evidence the facts mentioned in all three of the instructions.    It is obvious the two first instructions tended to mislead the jury, and to divert their attention from some of the facts on which their verdict ought to rest.    And for this reason the judgment of the circuit court must be reversed.

We say nothing of the many other points raised in this case, as the testimony on a new trial may be somewhat different, except to remark that it appears to us that when the train arrived at Milwaukee, and the plaintiff knew it, and a reasonable time had elapsed thereafter for her to get off the cars, the relation of common carrier ceased; and a reasonable time is the time within which persons of ordinary care and prudence, under like circumstances, get off the cars.

*By the Court.*—The order of the circuit court is reversed, and a *venire de novo* awarded.