## Horne v. Powell.

1. Where a distress warrant for rent, issued before the rent became due, on the ground that the tenant was seeking to remove his goods from the premises, is regular and valid on its face, and the

property levied upon is claimed, upon the trial of the claim the claimant is not entitled to introduce evidence to the jury tending to prove that the ground upon which the warrant was sued out was not true in fact.

2. The evidence warranted the verdict, and there was no error in refusing a new trial.

February 15, 1892.

Distress warrant. Claim. Evidence. Practice. Before Judge MILLER. Bibb superior court. April term, 1891.

A distress warrant in favor of Powell against Fleming & Johnson was levied upon certain property claimed by Horne. The warrant was issued on December 7, 1887, on an affidavit made by Powell the same day, which affidavit stated that, though the rent was not due, Fleming & Johnson were seeking to remove their goods from the premises. The jury found the property subject, and $100 damages. Claimant's motion for new trial was overruled, and he excepted. In addition to the grounds that the verdict was contrary to law, evidence, etc., it was alleged in the motion that the court erred in admitting as evidence the distress warrant, and in refusing to permit claimant to introduce a dispossessory warrant. This dispossessory warrant was issued on December 3, 1887, on the affidavit of Powell, November 5, 1889, to dispossess Fleming & Johnson of the property for the rent of which the distress warrant was issued. The affidavit stated that the property had been rented to Fleming & Johnson for a certain term, that they failed to pay the rent when due, and that deponent had demanded possession since the expiration of the term, etc. On December 3, 1887, a notice to vacate was served under the warrant. It is alleged in the bill of exceptions that this dispossessory warrant, being dated only four days before the distress warrant, showed that defendants were not voluntarily removing their goods, but were removing them under compulsion by plaintiff

in suing out the dispossessory warrant, and therefore the distress warrant was issued illegally and was no lien upon the property claimed; and that the judge held that defendants alone could make that issue, and that claimant could not be heard to say that for this reason the warrant could not proceed.

J. W. Robison and Hardeman, Davis & Turner, for plaintiff in error.

Hill, Harris & Birch and DuPont Guerry, *contra.*

Lumpkin, Justice.

A distress warrant for rent having been issued and the property levied upon claimed, the claimant upon the trial of the issue thus made endeavored to attack the warrant by proving that the ground upon which it was sued out was untrue in fact, and the question presented is whether or not the evidence offered for this purpose should have been received,

The true rule applicable in cases of this kind is, we apprehend, as follows: The claimant at the trial has the right to make any attack upon the process levied which the defendant therein could *then* make; for instance, he may properly object to the *fi. fa.* or other process levied, for any cause apparent upon the face of the record, or he will be allowed to show that although originally valid it has been paid off or settled. In the case of a *fi. fa.* a defendant who has had his day in court cannot go behind the judgment for the purpose of showing that it ought never to have been rendered, nor will a claimant be allowed any such right. While the defendant in a distress warrant has the right, by filing the affidavit and giving the bond provided for in §4083 of the code, to stay further proceedings on the warrant and thus make an issue to be returned to the court for trial, if he fails to exercise this right the warrant is as to him final process. This is the only way in which he can legally arrest its progress. The defendant in the present case having

failed to take this step, the warrant was proceeding regularly, and it was no concern of the claimant whether the ground upon which the warrant issued was true or false so long as it was not levied upon his property. When it was levied on property claimed by him, it was his right to file his claim and have the question of ownership adjudicated by the proper tribunal. When the claim case came on to be tried, the defendant in the warrant, not being a party to the issue, could not then file his counter-affidavit alleging the falsity of the ground upon which the warrant issued, give bond for the eventual condemnation money and thus either prevent the trial of the claim case or inject into it the trial of an issue between himself and the plaintiff as to the validity of the warrant. There is certainly no law to authorize any such a proceeding as this. It being out of the power of the defendant at this stage to thus attack the warrant, and the claimant under the rule first above announced being in no better position than the defendant, he could not show that the warrant was unlawfully or improperly issued in the first instance.

We will not here collate or cite the previous decisions of this court bearing upon this question, but we think that when properly understood they will be found in harmony with the conclusion we have reached in the present case.

2. After carefully examining the record we find there was ample evidence to sustain the verdict, and no reason is presented which would authorize us to interfere with the discretion of the court below in refusing to grant a new trial.                    *Judgment affirmed.*