Eggett, Respondent, vs. Allen, Appellant.

*April 9 — April 27, 1900.*

*Malicious prosecution: Damages: Evidence: Reputed wealth: Advice of counsel: Instructions to jury: Probable cause. .*

1. In an action for malicious prosecution, where punitory as well as compensatory damages are recoverable, the financial circumstances of the defendant may be shown by evidence of his reputed wealth. *Draper v. Baker*, 61 Wis. 450, followed.

2. Where justification under advice of counsel was not at issue in such a case, instructions to the jury based on the assumption that it was, thus distracting the attention of the jury from the real issue, were erroneous.

3. An instruction that probable cause, as relating to the commencement of a criminal prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a *really cautious* man in the belief that the person accused is guilty of the offense charged, is erroneous; and the error is not cured by correct expressions in the other portions of the charge, indicating that the standard of liability is the belief of a reasonably prudent man.

4. The giving of a proper instruction does not cure an erroneous one before given, unless the latter is expressly withdrawn or it is evident that no harm resulted therefrom.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This action is brought to recover damages for malicious prosecution. The complaint contains two counts,— one for the prosecution of plaintiff for obtaining property under false pretenses, commenced March 23, and terminated by his discharge on April 3, 1897; the other for a prosecution for embezzlement, which was commenced on April 3, 1897, and was terminated at the following term of the circuit court by the district attorney filing reasons for not filing an information. The answer was a general denial, with a specific denial that the defendant in any way caused the arrest or imprisonment of the plaintiff as charged. The action was tried by the court and jury, and verdict was rendered for plaintiff, in which they assessed his damages on the first cause of action at $50, and on the second at $350. The usual motion for a new trial was made and denied. Numerous exceptions to the introduction of evidence were taken by defendant, and exceptions filed to portions of the charge thought to be faulty. A judgment for plaintiff for the amount of the verdict and costs was duly entered, from which the defendant brings this appeal.

Eggett vs. Allen.

For the appellant there was a brief by *MacBride & Mac-Bride,* and oral argument by *R. J. MacBride.*

For the respondent there was a brief by *J. R. & C. R. Sturdevant,* attorneys, and *Chas. F. Grow,* of counsel, and oral argument by *C. R. Sturdevant.*

BARDEEN, J. There seems to be no question but that it was shown upon the trial that plaintiff was arrested upon two criminal charges, as alleged, and that both had terminated favorably to him before this action was commenced. A suggestion is made by defendant that the justice's docket fails to show that the first action was criminal in its nature. We think this question is fully met by the papers in the case, and other evidence on the trial, and that the court properly treated both prosecutions as criminal.

Numerous objections to evidence were made by defendant, none of which is deemed of sufficient importance to require extended consideration, except the following: Several witnesses were called and permitted to testify as to the reputed wealth of defendant. The point is made, as stated in 1 Jones, Ev. § 160, that in case of a recovery for compensatory damages the evidence should relate to defendant's *reputed* wealth, and in case of exemplary damages the evidence should be as to defendant's *actual* pecuniary ability. There was no evidence in this case as to defendant's *actual* financial standing. It seems not to have been contested that, if plaintiff was entitled to recover at all, he was entitled to recover both compensatory and punitory damages. A discussion of the point here raised may be found in *Draper v. Baker,* 61 Wis. 450, in which the holding is adverse to the defendant's contention. We see no reason for departing from the rule laid down in that case. The other points as to the exclusion of evidence are not deemed to be of such harmful character as to require a reversal of the judgment or to require special comment.

The issue sharply outlined by the pleadings was whether the defendant did in fact authorize or institute the proceedings against the plaintiff. The usual defenses of want of malice, probable cause, or advice of counsel were not interposed. No attempt was made to justify the commencement of the prosecutions. True, the defendant testified that he consulted G. I. Follett, an attorney, in regard to a claim he had against the plaintiff; but he nowhere discloses what advice, if any, was given as to the prosecutions in question. Notwithstanding the entire absence of any testimony in the case on this subject, the court submitted it to the jury upon the assumption that the defendant was urging the advice of his attorney as a justification for having authorized or instituted the prosecution against plaintiff. He told the jury that if a party fully and fairly stated all of the material facts of the case to his attorney, and was by him advised that he had good grounds to proceed in a criminal prosecution, and he acted in good faith upon such advice, he was protected from an action for malicious prosecution. Then, again, he said to them: "How was he advised by the attorney? Did he fully and fairly state all the material facts to his attorney?"—etc. It is claimed that this introduced a foreign issue into the case, and that the prominence given it by the trial judge had a tendency to obscure or minimize the real issue, and was harmful to defendant. There seems to be good ground for this contention. The court assumed facts to exist which did not exist. The authorities are that it is clearly error to charge a jury upon a supposed or assumed state of facts, of which no evidence has been offered. Such instructions presuppose that there is some evidence before the jury which they may think sufficient to establish the facts thus assumed in the opinion of the court; and, if there is no evidence which they have a right to consider, then the charge does not aid them in coming to correct conclusions, but its tendency is to embarrass and mislead them.

2 Thomp. Trials, §§ 2295–2315; *U. S. v. Breitling*, 20 How. 252; *Michigan Bank v. Eldred*, 9 Wall. 544; *Baltimore v. Poultney*, 25 Md. 18.  The issue of justification under advice of counsel was not in the case, and it was wrong to assume that it was, and thus distract the attention of the jury from the real issue presented.

The main facts involved were: Did the defendant commence or authorize the commencement of the prosecutions against plaintiff?  And, if so, did he do so through malice and without probable cause?  On the question of probable cause the court instructed the jury as follows: "'Probable cause' means a reasonable ground of suspicion, supported by circumstances in themselves sufficiently strong to warrant a really cautious man in the belief that the person so accused is guilty of the offense charged."  The objection urged is to the use of the words "really cautious."  There is a line of cases, commencing with *Munns v. Dupont*, 3 Wash. C. C. 31, in which the definition of "probable cause" is as above stated, leaving out the adverb "really."  *Richey v. McBean*, 17 Ill. 63; *Ash v. Marlow*, 20 Ohio, 119; *Cole v. Curtis*, 16 Minn. 182; *Center v. Spring*, 2 Iowa, 393.  Even without the qualifying word, we are not satisfied with the definition given.  When read with the context, the real substance of all of the definitions is that the acting party shall have a reasonable ground for belief.  The belief must be that of a reasonable and prudent man, and all that can be required of him is that he shall act as a man of ordinary caution and prudence would be likely to act under the same circumstances.  *McCarthy v. De Armit*, 99 Pa. St. 70.  We adopt the language of Mr. Justice STERRETT in *McClafferty v. Philp*, 151 Pa. St. 86, wherein he says: "There is at least a shade of difference in the meaning between the words 'cautious' and 'prudent.'  The former suggests the idea of timidity, or, as Webster gives its secondary meaning, 'over-prudent; fearful; timorous.'  A man is cautious chiefly as

the result of timidity." The definition given by Chief Justice SHAW in *Bacon v. Towne*, 4 Cush. 217, comes nearest fixing the liability upon a reasonable basis of any found in the books. He says: "Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." Even if the definition in *Munns v. Dupont* should be approved, the use of the word "really" in the instruction given serves to emphasize the word which it qualifies to such an extent as to give the jury a false idea of the defendant's liability. It is true, the court in other portions of the charge used expressions indicating that the standard of liability was the belief of a reasonably prudent man, but this did not cure the error. At the very best, the jury were left in confusion as to the proper standard. The giving of a proper instruction does not cure an erroneous one before given, unless the latter is expressly withdrawn or it is evident that no harm resulted therefrom. See *Imhoff v. C. & M. R. Co.* 20 Wis. 344; *Little v. Superior R. T. R. Co.* 88 Wis. 402.

For the errors thus noted the judgment must be reversed and the cause remanded for a new trial.

*By the Court.*— So ordered.