New Home Sewing Machine Co. vs. Simon.

NEW HOME SEWING MACHINE COMPANY, Respondent, vs.
SIMON, Appellant.

*September 5 — September 25, 1900.*

*Appeal: New trial: Res adjudicata: Guaranty: Conditional delivery:
Waiver: Instructions to jury: Perverse verdict: Refusal to set aside:
Abuse of discretion.*

1. Where, in an action on a letter of guaranty delivered on condition
that another signer should be obtained, the supreme court decided
that, when knowledge came to the plaintiff that the letter had
been wrongfully delivered, it had no right to ignore the fact; that
proceeding thereunder was at its peril; that unless the guarantor
was guilty of some act that would amount to an estoppel, it was
without remedy; and that the fact that its agent notified the
guarantor that it would extend credit to H., whose obligations
were thereby guaranteed, did not call for any protestation from
him that he would not be bound thereby,— it was error for the trial
court on a second trial, on substantially the same evidence, to in-
struct the jury that, if the defendant signed the letter and was
thereafter notified of its acceptance by plaintiff, it thereupon be-
came a binding contract of guaranty according to its terms; and
that if defendant intended to insist upon the condition upon which
he signed the letter, it was his duty to notify the plaintiff that he
would not be responsible unless another signature was obtained.

2. Defendant having signed a letter of guaranty on condition that it
should not be delivered until another surety was obtained, the
principal delivered it in violation of such condition, and the guar-
antor, when notified by the guarantee's agent that credit would be
extended on it, told such agent of the wrongful delivery. There-
after the agent was permitted to take the letter away without pro-
test. The guarantor called attention to the provision enabling
him to withdraw therefrom if dissatisfied. He told such agent he
thought it would not be necessary for him to do so as he had faith
in his principal's business ability. Such agent thereafter frequently
called on the guarantor, and they talked about how the principal
was getting along in his business. *Held*, that there was no waiver
of the guarantor's right to insist upon the effect of his notification
of the conditional delivery.

3. The rule that, where a mistake is made in giving instructions to the
jury, thereafter so fully corrected as to leave no reasonable ground

New Home Sewing Machine Co. vs. Simon.

to say that they have been misled, or where an instruction upon a material point is susceptible of two constructions, one a correct statement of the law and the other not, but taking the charge as a whole there is no reasonable ground to say that the jury may have adopted and applied the latter, the error cannot be taken advantage of to reverse the judgment, does not relate to cases where the whole or some essential part of the controversy was covered by erroneous instructions requested by one party and then again covered by correct instructions requested by the opposite party; or to cases where conflicting instructions are given on material points, leading to uncertainty as to what rules of law are applicable to the case.

4. Where negotiations between the principal in a letter of guaranty and the guarantee, in regard to reducing the guarantor's liability from $2,000 to $1,000, were abandoned before notification of acceptance was given the guarantor, who was not a party to the negotiations and had no knowledge of the communications in respect thereto; and where on that state of the record, in a suit on such letter of guaranty, it was decided on appeal that what occurred in regard to a change of the guaranty was immaterial, such decision is *held* to rule adversely to the guarantor an assignment of error to the refusal of the trial court, on the second trial, to receive in evidence letters that passed between the guarantee and the principal in regard to such change.

5. Where the amount due plaintiff, if he is entitled to a verdict, is susceptible of being determined with mathematical accuracy, a verdict for plaintiff for a less amount shows that the cause was not fairly considered by the jury, and that the verdict was purposely and recklessly made regardless of the evidence.

6. In such case, where it is clear that such prejudicial misconduct has taken place, there is no room for the exercise of judicial discretion in disposing of a motion to vacate the verdict and grant a new trial. .

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

Action to recover on a guaranty which is as follows:

"La Crosse, Wis., August 27th, 1895.

"To THE NEW HOME SEWING MACHINE COMPANY,
                "Chicago, Ill.

"Gentlemen,— For and in consideration of your company supplying R. L. C. Holbek, of La Crosse, in the county of

VOL. 107 — 24

La Crosse, in the state of Wisconsin, with sewing machines and articles connected therewith, on credit, I do hereby guarantee the payment to you of the price and value of said goods at maturity, to an amount not to exceed two thousand dollars ($2,000.00), and whether the same be due on open account or. by note or acceptance, and you· are hereby authorized to grant such delay as you may see fit, for the payment of any sum which may be due you at any time, and this shall be held as continuing security in your favor until further notice from me, and to cover any and all renewals of debts, notes, or acceptances which may from time to time be made, and any interest or cost due thereon, and any balance which may at any time be due by said R. L. Holbek to your company.

"Signed this 27th day of August, 1895.

"MATHIAS SIMON."

The allegations of the complaint were, in substance, that plaintiff was entitled to recover the full sum mentioned in the letter of guaranty because of the default of the principal. The answer admitted the signature to the letter of guaranty and alleged that defendant signed it upon an agreement that another surety should be obtained thereto and that it should not otherwise be binding; that notice of the acceptance of such letter was never received; that by agreement between the principal named in the letter of guaranty and plaintiff, the liability under such letter was changed from $2,000 to $1,000, and that the alleged indebtedness of such principal, which, in any event, was covered by the guaranty, was much less than $2,000. The main question litigated on the trial was whether the letter of guaranty was conditionally signed to the knowledge of plaintiff, or whether it was modified as stated in the answer. Defendant testified that he signed the letter of guaranty with the express agreement that another surety should be obtained thereto, and that upon plaintiff's agent calling upon

him to obtain an acknowledgment of the genuineness of his signature to such letter, he said to him: "When I signed that bond I signed with the distinct understanding that there was to be another bondsman before the delivery of the bond." That evidence was disputed. Some letters were offered in evidence showing that prior to the conversation above mentioned, and after the letter of guaranty came to plaintiff's possession, it was agreed to limit the liability thereunder to $1,000, but it was thereafter agreed that the guaranty should stand as written. Such letters were received in evidence, their effect being limited to the question of conditional delivery. There was no evidence to show that defendant had any knowledge of the correspondence relating to a change in the contract of guaranty.

The court specially instructed the jury, at plaintiff's request, as follows: If you believe from the evidence 'that plaintiff notified the defendant that it accepted the guaranty as signed, and that it would thereafter sell to Holbek on the faith thereof, and if you further find that it did thereafter sell to Holbek on the faith of such guaranty, then the defendant is bound by his contract of guaranty to the plaintiff to the extent of such balance as may be due the plaintiff for sewing machines or sewing-machine supplies furnished on the faith of such guaranty, not exceeding $2,000, with interest from the date when demand was made upon defendant for payment thereof. If defendant, *Simon*, did not intend to be bound by the letter of guaranty after acceptance thereof unless there was another surety thereon, it was his duty to notify plaintiff that he would not be responsible on said letter of guaranty unless another surety signed the same.'

The jury were further instructed, at plaintiff's request: 'If you find that defendant did not notify plaintiff that another surety must be procured before he would be bound by the letter of guaranty, then he is bound under the letter

to pay for Holbek's purchases within the terms of such letter of guaranty, after September 9, 1895, for a sum not to exceed $2,000, with interest thereon from the date demand was made for payment thereof, provided you further find that plaintiff notified defendant of its acceptance of the letter of guaranty, and that it would furnish sewing machines. and sewing-machine materials upon the faith and strength of it.'

The court further instructed the jury, at plaintiff's request: If you find that *Simon* said to plaintiff's agent, September 9, 1895, "When I signed that bond and Holbek brought it in, I signed it with the distinct understanding that there should be another bondsman when delivered," it is for you to say whether or not this is sufficient notice, providing the conversation which the defendant, *Simon,*. claims did occur, to inform plaintiff that he did not intend, on the 9th day of September, 1895, to be bound by this letter of guaranty, and in determining this question you should take into consideration all that occurred between these parties at this conversation.

.General instructions were given to the jury to the effect. that if defendant, *Simon,* and plaintiff's agent understood, on September 9, 1895, that the letter of guaranty was to be a binding contract, plaintiff is entitled to recover.   Further instructions were given as follows: "If you believe that. *Mathias Simon* at the interview with plaintiff's agent on September 9, 1895, used the language he claims to have used, viz.: 'When I signed that bond and Holbek brought it in, I signed it with the distinct understanding that there must be another bondsman when delivered,' it is for you to say whether or not this language was sufficient to notify the plaintiff that he did not intend to be bound by the contract of guaranty, and in determining the question you should take into consideration the, defendant's entire conduct and all other facts and circumstances in the case."

Each of the above instructions was duly excepted to. ˌ

The jury were further instructed, at defendant's request, substantially as follows: 'If the letter of guaranty was not designed to be a binding contract unless another signature thereto was obtained, and the plaintiff had notice of that fact or anything sufficient to put a reasonably prudent man ·on his guard in respect thereto, then the plaintiff cannot recover in this action.' 'If the letter of guaranty was ·conditionally left with the principal, and notice thereof was given to the plaintiff before it extended credit to such principal, the former had no right to sell goods to the latter relying on the guaranty, unless there was something in the talk or conduct of the defendant on September 9th which would have warranted the agent in believing that defendant did not intend to insist upon the invalidity of the instrument. The fact that the agent then notified the defendant that the plaintiff would extend credit to Holbek did not ·call for any protestation from him that he would not be bound by the letter of guaranty. When knowledge came to the plaintiff, if it did so come, that the letter of guaranty had been wrongfully delivered, it had no right to ignore the fact. It proceeded thereafter at its peril, and, unless defendant is guilty of some act that would amount to estoppel, is without remedy.' Instructions requested by defendant's attorneys, that the agreement shown to have been made between the plaintiff and the principal in the letter of guaranty subsequent to its coming to the latter's hands, limiting the effect of such letter to $1,000, avoided it unless such modification was subsequently done away with, were refused. .

The undisputed evidence was that if the guaranty was binding according to its terms, defendant was liable thereon to pay about the full amount of the sum named therein, with interest. The exact amount was capable of being determined with mathematical accuracy. The verdict of the

jury was $1,000 and interest, making $1,358.74. Judgment was entered accordingly and defendant appealed.

For the appellant there was a brief by *Winter, Esch & Winter,* and oral argument by *Frank Winter.*

For the respondent there was a brief by *Fruit & Gordon,* and oral argument by *G. H. Gordon.*

MARSHALL, J.  Upon the first appeal in this case (104 Wis. 120) one of the questions presented for decision was, Was it incumbent on defendant, when called upon by plaintiff's agent, September 9, 1895, and notified of its acceptance of the guaranty, to do more than merely say to the agent, in substance, that the paper was signed on condition that an additional guarantor would be obtained before delivery thereof to the guarantee? That is, Was it necessary, at that time, for the defendant to expressly notify the agent that he would insist upon the condition that an additional guarantor be obtained before the letter of guaranty should take effect as to him, in order to prevent a waiver of his right to insist upon such condition, thereafter, to defeat liability thereon? That was decided in the negative.  The decision was expressed in such plain language that no room was left for a mistake in regard to the subject upon a new trial, if reasonable attention were paid to the opinion of the court.  The language of such opinion was as follows:  "The fact that the agent notified defendant that plaintiff would extend credit to Holbek did not call for any protestation from him that he would not be bound by the letter of guaranty.  When knowledge came to plaintiff, if it did so come, that the letter of guaranty had been wrongfully delivered, it had no right to ignore the fact.  It proceeded thereunder at its peril, and unless defendant is guilty of some act that would amount to an estoppel, is without remedy."  Notwithstanding such decision, on the new trial, upon substantially the same evidence as that produced on the first trial, the learned circuit

New Home Sewing Machine Co. vs. Simon.

judge, at the request of counsel for plaintiff, instructed the jury as indicated in the statement of facts, that if defendant signed the letter of guaranty and was thereafter notified of its acceptance by plaintiff, it thereupon became a binding contract of guaranty according to its terms; that if defendant intended to insist upon the condition on which he signed the paper, if there was such a condition, it was his duty to notify the plaintiff that he would not be responsible unless another signature was obtained to the paper. That was repeated and made so significant that the jury, looking alone to the propositions given to them at the request of plaintiff's counsel, were not left free to come to any other conclusion but that express notification by defendant to plaintiff's agent, of his intention to insist upon the conditional delivery of the paper, was essential to save him from liability thereon.

True, the court in the eighth instruction, requested by plaintiff's counsel, in form left it to the jury to say whether the statement defendant testified he made to plaintiff's agent was sufficient notice that he did not intend to be bound by the paper as signed; but if it was proper to submit that question to the jury at all, they were not left free to answer it from the evidence, having been previously instructed, in effect, that express notification by defendant to the agent was necessary, that an additional signature to the letter of guaranty must be obtained in order to give effect to his signature; and there was no evidence of any such notice. True it was said on the former appeal that if defendant notified the plaintiff's agent that the letter of guaranty was conditionally delivered, and such was the fact, plaintiff had no right to treat it as a binding contract unless defendant waived the condition by his conduct,— that is, did or said something, indicating that he did not intend to stand upon the conditional delivery, upon which plaintiff relied. What was there said respecting a waiver by defendant of the condition upon which he claimed to have signed the letter of

guaranty, was said, not because it was then thought there was anything in the record upon which a waiver could be based, but because it was supposed there might be evidence on that line on a second trial. The decision that the notice defendant said he gave, as to the circumstances of his signing and delivering the guaranty, sufficiently brought them to the attention of the plaintiff to be binding upon it, and that such situation could not be changed in plaintiff's favor except by proof of circumstances sufficient in law to estop the defendant from denying his liability, gave no warrant for submitting to the jury on the second trial the question of whether, admitting defendant's testimony to be true as to what he said, it was sufficient to bring to the agent's attention the fact of the conditional delivery. The court should have followed the decision of this court by instructing the jury that if they believed from the evidence that the conversation occurred between the defendant and plaintiff's agent, as testified to by the former, they should render a verdict in defendant's favor, unless they believed from the evidence that he indicated to such agent that he would waive the condition, and plaintiff relied thereon. The mere fact that the agent was permitted to take the bond away without protest, after the conversation mentioned, is of no significance, because that was consistent with defendant's attitude that he was willing to be bound if an additional signature was obtained. Neither was the fact, if it be a fact, that the defendant called attention to the provision in the bond enabling him to withdraw therefrom if dissatisfied, and that he told the agent that he thought it would not be necessary for him to withdraw as he had faith in Holbek's business ability; or the fact, if it be a fact, that the agent thereafter frequently called on defendant, and they talked about how Holbek was getting on in his business, of any special significance. Neither one nor all of such circumstances were sufficient to establish a waiver of defendant's

right to insist upon the effect of his notification to the plaintiff's agent of the conditional delivery of the letter of guaranty. They do not indicate that defendant expected that goods would be sold on the faith of his signature to the letter of guaranty till another guarantor should be obtained. The burden of proof to establish the fact of waiver was upon the plaintiff, and without some clear, definite evidence tending that way, the finding should have been made in appellant's favor by the court.

What has been said renders it unnecessary to discuss the general instructions given to the jury.

It is argued that because the law, as laid down in the former opinion, was correctly given to the jury, by instructions requested by appellant's counsel, the errors discussed were thereby corrected. Counsel cite *Middleton v. Jerdee*, 73 Wis. 44, and *Annas v. M. & N. R. Co.* 67 Wis. 63. Those cases are of a class that hold that, where there is a mistake made in giving the law to the jury, so fully thereafter corrected as to leave no reasonable ground to say that they have been misled to the prejudice of the appellant, or where an instruction upon a material point is susceptible of two constructions, one a correct statement of the law and the other not, but taking the charge as a whole there is no reasonable ground to say that the jury may have adopted and applied the latter, the error cannot be taken advantage of to reverse the judgment. They have no relation to such cases as this where the whole or some essential part of the controversy to be determined by the jury was covered by erroneous instructions requested by one party and then again covered by correct instructions requested by the opposite party; or cases where conflicting instructions are given on material points, leading to uncertainty as to what rules of law were applied to the case by the jury. In such a situation the losing party is generally entitled to a reversal of the judgment against

New Home Sewing Machine Co. vs. Simon.

him, if proper proceedings be taken for a review of the error.
*Imhoff v. C. & M. R. Co.* 20 Wis. 344; *Ward v. Henry,* 19
Wis. 76; *Little v. Superior R. T. R. Co.* 88 Wis. 402.

Errors are very liable to occur where the practice is fol-
lowed of giving to the jury a number of propositions con-
taining the law as claimed by the attorney on one side of
the controversy and that is followed by a number of propo-
sitions submitted by opposite counsel containing the law as
claimed by him, and general instructions are also submitted.
It is a safer course for the trial judge to study the requests
submitted with sufficient care to enable him to embody
such as are correct in the general instructions, and to reject
the rest.    That course enables the court to submit to the
jury the law point by point, in an orderly way, and the one
best calculated to preserve harmony between the several
subjects treated, and not confuse the jury as to the law on
one point by reiterations of a principle in different language,
not easily comprehended by a layman to be identical in
meaning.

Error is assigned because the court received in evidence
letters that passed between Holbek and plaintiff prior to
the acceptance by plaintiff of the guaranty, September 9,
1895, relating to a change in such guaranty from two to
one thousand dollars, and so restricted the effect of such
evidence as to exclude the letters so far as they were proof
of such change.    The evidence on the second, as on the first,
trial shows that all negotiations and all arrangements re-
garding a change in the guaranty took place before it be-
came effective, if it ever did, by notice to the defendant of
plaintiff's acceptance; that before such acceptance it was
agreed between Holbek and plaintiff that the guaranty
should stand as written; and that defendant was not a
party in any way to, and had no knowledge of, the com-
munications between plaintiff and Holbek.    On that state

of the case it was decided on the former appeal that what occurred in regard to a change of the guaranty was immaterial. That rules the assignment of error under consideration adverse to appellant.

Error is assigned because the court permitted the verdict of $1,000 to stand, there being no evidence to warrant a finding, except either of no cause of action, or of substantially the full amount claimed by plaintiff, indicating that the cause was not fairly considered by the jury, and that the verdict was purposely or recklessly made regardless of the evidence. It needs no argument or citation of authority to justify the conclusion that such a verdict ought not and cannot be permitted to stand. It should have been set aside by the trial court without hesitation. This is not a case where the jury was called upon to assess mere unliquidated damages. If plaintiff was entitled to a verdict, the amount of it was susceptible of being determined with mathematical accuracy. A verdict showing that the evidence, and the law as given by the court, were wholly disregarded by the jury as to an essential fact of the case, leaves it doubtful whether they considered and decided, upon the evidence, as to any question upon which defendant's liability depended. Juries have no power to guess away or arbitrate the rights of parties. Their duty is strictly limited to finding the facts from the evidence and applying the law thereto as given to them by the court. Litigants are entitled to an intelligent, fair consideration by them of questions submitted, and where it is clear that prejudicial misconduct has taken place, as in this case, there is no more room for the exercise of judicial discretion in disposing of the motion to vacate the verdict and grant a new trial, than there is for a jury to dispose of the rights of parties regardless of the evidence. *Waufle v. McLellan*, 51 Wis. 484.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.