SCHMIDT, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 25—April 5, 1905.*

*Criminal law: Manslaughter in fourth degree: Self-defense: Degree of force: Instructions to jury: Curing error.*

1. A conviction of manslaughter in the fourth degree under either sec. 4362 or sec. 4363, Stats. 1898, is *held* to have been warranted by evidence from which the jury might have concluded either that the pistol, by the accidental discharge of which the homicide was committed, was unlawfully pointed by defendant at the deceased, or that it was lawfully so pointed but the discharge thereof was the result of culpable negligence.

2. One assaulted is entitled to act upon his apprehensions of imminent peril, reasonably justified by the circumstances, not only in deciding to use force to repel the assault but also in

deciding as to the amount of force to be used; and it was error to charge the jury, in such a case, that.the assaulted person had a right to use no greater force than was "actually necessary under all the circumstances."

3. An erroneous instruction is not cured, nor the presumption of prejudice therefrom overcome, by a correct statement of the law on the same subject elsewhere in the charge.

ERROR to review a judgment of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

Information for murder committed by the plaintiff in error, hereinafter for brevity termed the defendant, upon one George Vieux, under substantially the following circumstances: Vieux was a large, powerful man, twenty-three years of age, abusive and quarrelsome when intoxicated, and defendant was a comparatively small man, fifty years of age, and on Christmas day, 1902, was in charge of a saloon at Three Lakes, Oneida county, Wisconsin. Vieux had been in such saloon once or more during the afternoon of that day, and had quarreled violently with the defendant, throwing him down and bruising him. After a short absence he returned, attacked a chore boy, who fled for safety behind the bar where defendant was serving, whereupon Vieux came threateningly toward the bar, the evidence differing whether close to it or a few feet away. Defendant picked up a pistol, held it in both hands resting on the counter, and ordered deceased to depart. There was evidence of previous threats on the part of defendant to kill or shoot Vieux if he returned. There is some conflict as to whether Vieux retreated a step or two when the pistol was presented or persisted in his threatening attitude. Almost momentarily the pistol was discharged, without intention or volition on his part, as defendant claims. Vieux was shot and killed. The jury found a verdict of manslaughter in the fourth degree, and judgment and sentence to the state prison for two years was entered, to review which defendant brings this writ of error.

The cause was submitted for the plaintiff in error on the brief of *A. W. Shelton.*

For the defendant in error there was a brief by the *Attorney General* and *Walter D. Corrigan,* assistant attorney general, and oral argument by *Mr. Corrigan.*

Dodge, J.   The first assignment of error is that a conviction was not warranted.  With this, after a careful examination of the evidence, we find ourselves unable to agree, although conceding that there is plenty of evidence which might have warranted a contrary conclusion by the jury. That defendant did not voluntarily discharge the pistol is declared by himself, and to some extent supported by other evidence, and the jury must have reached this conclusion in finding manslaughter in the fourth degree, for this, under the circumstances, must have consisted either in the accidental discharge of the pistol while defendant was doing some unlawful act, under sec. 4362, Stats. 1898, or, if the act being done was lawful, then by culpable negligence (sec. 4363, Stats. 1898).  We are persuaded that there is evidence from which either of these conclusions may have been reached. The pointing of the pistol at the deceased might have been lawful or unlawful, according to the apparent imminence of an attack or breach of the peace by the deceased.  Upon this question the evidence is conflicting.  On the other hand, if the jury found that the threatening of the deceased with a pistol was justified by the apparent danger, so that the act was lawful, they might nevertheless have found that the discharge of the pistol was the result of culpable negligence.  There is evidence of the entire ignorance of the defendant as to the use of a pistol, and of the fact that, as he held it toward the deceased in both hands, his thumbs were in contact with the trigger.  We are not prepared to say that with so dangerous a weapon as a pistol such method of handling might not be deemed culpable negligence.

Error is also assigned upon an instruction, generally, to the effect that the defendant, being in charge of the saloon, had a right to use force to quell a disturbance therein, and if, in so doing, he was assaulted by the deceased, had a right to repel such assault with reasonable force, and such as was necessary to accomplish that purpose, "and no greater or other force than was actually necessary under all the circumstances." This was error. It is no less true that one assaulted is entitled to act upon his apprehensions, reasonably justified by the circumstances, in deciding as to the amount of force which he may use, than that such apprehension may justify him in using force at all; and to tell the jury that he may use no more force than is "actually necessary" is as erroneous as to tell them that, before he can use force at all, the peril of an assault must be actually imminent, instead of merely imminent to his reasonable apprehension. *Perkins v. State,* 78 Wis. 551, 47 N. W. 827; *Richards v. State,* 82 Wis. 172, 51 N. W. 652; *Ryan v. State,* 115 Wis. 488, 502, 92 N. W. 271; *State v. Hickam,* 95 Mo. 322, 328, 8 S. W. 252; *State v. Brooks,* 99 Mo. 137, 144, 12 S. W. 633; *State v. Harper,* 149 Mo. 514, 528, 51 S. W. 89; 1 Bishop, New Crim. Law, §§ 305, 874.

The state urges that such error was cured by an instruction elsewhere in the charge to the effect that defendant was justified in acting upon the facts and circumstances as they reasonably appeared to him. We do not find any such instruction clearly addressed to the *quantum* of force justified, but merely to the imminence of peril justifying force at all. Even if it be deemed applicable to the former subject, however, it was not given in connection with and as a qualification of the instruction now assailed, as was the case in *Richards v. State, supra.* It was an independent statement of a general rule of law. An erroneous instruction is not cured, nor the presumption of prejudice therefrom overcome, by a correct statement of the law on the same subject elsewhere in the charge.

*Imhoff v. C. & M. R. Co.* 20 Wis. 344, 346; *Eggett v. Allen,* 106 Wis. 633, 638, 82 N. W. 556; *New Home S. M. Co. v. Simon,* 107 Wis. 368, 378, 83 N. W. 649.

*By the Court.*—Judgment reversed, and cause remanded for a new trial. The warden of the state prison will deliver the plaintiff in error, *Frank Schmidt,* to the sheriff of Oneida county, who is directed to keep the said *Schmidt* in his custody until discharged therefrom by due process of law.