O'Donnell, Respondent, vs. Kraut, Appellant.

*January 12—February 9, 1943.*

*Godfrey & Pfeil* of Elkhorn, for the appellant.

For the respondent there was a brief by *Earl Rogers* of Whitewater and *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich.*

BARLOW, J. The defendant admitted liability for the damages suffered by the plaintiff. The question in this case is whether the issue of damages was properly submitted to the jury. Appellant contends that the court should have submitted separate questions to the jury covering the accidents of August 22, 1940, and December 11, 1940. The court submitted one question in a special verdict, which read as follows: "At what sum do you assess damages sustained by the plaintiff, Arthur J. O'Donnell, for: (a) His medical expenses? (b) His personal injuries?"

The issues in the case are fully covered in the question submitted to the jury. There was testimony introduced showing that the plaintiff had medical expense and that he suffered an injury to his back and to his knee. All of the issues in the case could properly be determined by the special verdict as submitted. The answer to additional questions would have been no help to the court in ordering judgment in the case. The ends of justice cannot be helped or served by submitting superfluous or unnecessary questions to the jury in a special verdict.

The next question is whether the court committed error in instructing the jury. Among other things, the court instructed the jury as follows:

"If you are satisfied from the evidence to a reasonable certainty that the second injury on December 11, 1940, was not a natural consequence of the first injury and that what occurred on the 11th of December, 1940, would have produced the second injury regardless of the first injury then the measure of damages of the plaintiff, Arthur J. O'Donnell, is such sum as will reasonably compensate him for medical expenses incurred, for such loss of time, and for such pain and

suffering and for such impairment of health and physical ability as you are satisfied to a reasonable certainty by a fair preponderance of the evidence he has suffered heretofore or is reasonably certain to suffer in the future as a result of the injuries sustained by him on the 22d of August, 1940."

In so doing, the court placed the burden of proof upon the defendant to establish that the second injury on December 11, 1940, was not a natural consequence of the first injury. This is contrary to the law governing this case. The burden of proof is on the plaintiff to establish that the second injury on December 11, 1940, was a natural consequence of the first injury, and that what occurred on the 11th of December, 1940, would not have produced the second injury without the occurrence of the first injury. It is true that the court, in the course of his instructions to the jury and later in the instructions, properly set forth the law governing this case. The question involved was the main issue to be determined by the jury. This court has held that an erroneous instruction is not cured by a subsequent correct one on the same subject unless the latter specifically or necessarily withdraws or qualifies the former. The two instructions are inconsistent and tend to confuse the jury. *Imhoff v. Chicago & Milwaukee R. Co.* 20 Wis. *344; *Little v. Superior Rapid Transit R. Co.* 88 Wis. 402, 60 N. W. 705.

In the case of *Yerkes v. Northern Pacific R. Co.* 112 Wis. 184, 191, 88 N. W. 33, this court held:

"It is well settled in this state that an erroneous instruction on a given subject is not cured by the fact that the law is correctly stated elsewhere; for it cannot be known whether the jury have been guided by the correct rule or by the erroneous one."

At no time in the instructions given to the jury did the court specifically or necessarily withdraw or qualify the instruction in question. We hold it to be reversible error.

We have examined the hypothetical questions propounded by the appellant during the trial, and find no error in the rulings of the court on these questions.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.