STATE EX REL. JAHN, Respondent, vs. RYDELL, Appellant.

*April 7—May 13, 1947.*

For the appellant there was a brief by *Rubin & Ruppa* of Milwaukee, and oral argument by *Nathan Ruppa*.

For the respondent there was a brief by *William J. Mc-Cauley,* district attorney of Milwaukee county, *O. L. O'Boyle*, corporation counsel, and *Joseph B. Michalski,* assistant corporation counsel, and oral argument by *Mr. Michalski*.

FOWLER, J. The defendant was adjudged the father of a child born on January 19, 1945, to Ruth A. Jahn, an unmarried woman. The only grounds of error claimed are, (1) that the evidence does not support the judgment; and (2) that the court committed prejudicial error in its instructions to the jury.

(1) The prosecutrix testified that a child was born to her on January 19, 1945, and that during the month of April, 1944, the defendant had sexual intercourse with her several times at the home of her married sister where she regularly roomed; that no one else had sexual intercourse with her during said month. The sister testified as to letting the prosecutrix and the defendant into the house late at night and that she went to bed leaving them alone together in the living room and did not know when the defendant left. A davenport was in the room on which the prosecutrix made her bed nights. The defendant admitted taking the prosecutrix to the sister's home several times during the month after dances where he was employed as a musician and being admitted by the sister and that the sister left the room leaving them alone together. There was testimony that the defendant on one instance went to the hospital where the prosecutrix was with her child. The doctor testified that the child was a "full-term" child. We consider that this evidence justified the verdict of the jury although the defendant denied having intercourse with her and the prosecutrix wrote a letter to defendant's wife stating that the defendant had had no sexual relations with her, which the prosecutrix claimed

she wrote at the defendant's request and the defendant denied requesting her to write. There was much evidence of third parties relating to the conduct of the prosecutrix at the dances where the defendant was employed as one of the musicians which would with the defendant's denials have amply justified a verdict of not guilty, but we cannot say that upon the whole evidence the jury were not justified in finding the defendant guilty beyond a reasonable doubt.

(2) In charging the jury the trial judge instructed that the burden of proof was upon the state and that "By burden of proof is meant the duty resting upon the party having the affirmative of the issue, to satisfy or convince the minds of the jury by a preponderance of the credible evidence of the truth of his or her contentions, and by preponderance of evidence is meant the evidence which possesses the greater weight or convincing power."

In immediate context the trial judge instructed that it was "the duty of the plaintiff to prove this fact [that the child was begotten by the defendant] beyond a reasonable doubt." "Reasonable doubt" was then correctly defined. Then followed the instruction that the prosecutrix was "not required to establish the fact that the defendant is guilty by proof that should be absolutely overwhelming and conclusive, ·and amounting to an absolute certainty of that fact, but I charge you that the plaintiff is required to satisfy you beyond a reasonable doubt that the defendant is the father of the child."

The jury was further instructed that they should scrutinize the evidence with "the utmost care and caution, bringing to that duty all the reason and prudence which you would exercise in the most important affairs of your life; in fact, all the care, caution and discrimination you possess, and if, after such scrutiny of the evidence, you entertain a reasonable doubt, it is your duty to acquit the defendant."

The jury were also instructed that the defendant "is presumed to be innocent and this presumption attends [him]

throughout the trial and prevails at its close, unless overcome by testimony which satisfies the jury of guilt beyond a reasonable doubt."

It is conceded that the instruction first above quoted giving the rule as to burden of proof that applies in nearly all civil actions was erroneous.

We also have in mind that in the recent case of *O'Donnell v. Kraut,* 242 Wis. 268, 271, 7 N. W. (2d) 889, it is said, quoting from *Yerkes v. N. P. R. Co.* 112 Wis. 184, 191, 88 N. W. 33, referring to inconsistent instructions:

"It is well settled in this state that an erroneous instruction on a given subject is not cured by the fact the law is correctly stated elsewhere; for it cannot be known whether the jury have been guided by the correct rule or by the erroneous one. At no time in the instruction given to the jury did the court specifically or necessarily withdraw or qualify the instruction in question. We hold it to be reversible error."

In *Schmidt v. State,* 124 Wis. 516, 519, 102 N. W. 1071, it was said:

"An erroneous instruction is not cured, nor the presumption of prejudice therefrom overcome, by a correct statement of the law on the same subject elsewhere in the charge."

As supporting this statement *Imhoff v. Chicago & M. R. Co.* 20 Wis. *344, *346; *Eggett v. Allen,* 106 Wis. 633, 638, 82 N. W. 556; and *New Home Sewing Machine Co. v. Simon,* 107 Wis. 368, 378, 83 N. W. 649, are cited. Examination of them shows that they support the text. To the same effect are *Miller v. State,* 139 Wis. 57, 78, 119 N. W. 850; *Menn v. State,* 132 Wis. 61, 63, 64, 112 N. W. 38, a bastardy case; and *Sears v. Loy,* 19 Wis. *96, *98.

Notwithstanding all this it is true that where an erroneous rule is given which is "thereafter so fully corrected as to leave no reasonable ground to claim that they [the jury] were misled," it is not prejudicial. *Matthews v. Sigel,* 152 Wis. 123,

130, 139 N. W. 721.    The question here is, Does this apply to the instant case?    We consider that it does; that the correct instructions as to reasonable doubt and presumption of innocence above stated "leave no reasonable ground" to claim the jury were misled by the instruction first given that the burden was on the state to prove its case by a preponderance of the credible evidence.

*By the Court.*—The judgment of the civil court is affirmed.