### 31754. POTTS *v.* RECONSTRUCTION·FINANCE CORPORATION.

DECIDED MARCH 2, 1948. REHEARING DENIED APRIL 1, 1948.

*C. E. Hay*, for plaintiff in error.

*E. G. Jackson*, contra.

MacINTYRE, P. J.   This was a statutory claim case involving personal property only, in which the plaintiff in error (herein referred to as claimant) was the claimant, the defendant in error (herein referred to as the plaintiff) was the plaintiff in fi. fa., and the claimant's husband, A. M. Potts, was the defendant in fi. fa. The plaintiff foreclosed its bill of sale and deed to secure a debt "in the same manner as mortgages on personal property are now foreclosed," as provided in Code § 67-1601.

■   Upon the call of the case for trial and the announcement of ready by counsel for both sides, the claimant filed a written motion to dismiss the levy for want of a sufficient description in said bill of sale, and because the description in the entry of the levy did not follow the description in the bill of sale.   Said motion to dismiss the levy was based upon the record in said case then and there before the court.

A copy of the deed and bill of sale to personalty, which was attached and made a part of the affidavit foreclosing the bill of sale, was a part of the record then and there before the court. It shows that A. M. Potts, T/A Buckhead Dairy, the grantor, conveyed to Reconstruction Finance Corporation a described tract of land and numerous articles of personalty, which were obviously a part of a dairy.   Among such articles conveyed was "all of borrower's dairy herd, consisting of not less than one hundred fifty (150) head of prime dairy cows."

By virtue of such foreclosure, the sheriff levied upon "the following described property of defendant, to wit: seventy-three (73) head of dairy cattle located at Buckhead Dairy on the Moultrie-Sylvester highway in Colquitt County, Ga., including one (1) Jersey bull.   Levied at defendant's dairy farm on Sylvester Road about 4 miles from Moultrie, Georgia, and left in possession of A. M. Potts," the defendant in fi. fa.   The description corresponded in substance with that contained in the mortgage.

It is recited in the entry of levy that the defendant in fi. fa. was in possession of the property here in question at the Buck-

head Dairy at the date of the levy. Thus, at this stage of the case, the burden of proof was upon the claimant. There being at this stage no evidence introduced which disclosed that the claimant, the wife of the defendant in fi. fa., had been prejudiced by any lack of notice of the existence of the bill of sale by reason of the meager description, the claimant would be in no position to raise this point.

"In providing that a mortgage . . shall specify the property on which it is to take effect, the law does not require such a description as will serve to identify the property without the aid of parol evidence." *Thomas Furniture Co.* v. *T. & C. Co.*, 120 *Ga.* 879 (48 S. E. 333).

"The words of description in a mortgage may be sufficient to create a lien, and yet be insufficient of themselves to impart notice of the lien which they create. Hence, whether the description in a mortgage is sufficient or not very frequently depends upon whether the lien is being asserted against the mortgagor or some person who has notice, or whether it is being asserted against some innocent purchaser for value who has no notice other than such as the record of the instrument may have imparted." *Nussbaum* v. *Waterman & Co.*, 9 *Ga. App.* 56, 59 (70 S. E. 259).

"As between the mortgagor and the mortgagee, parol evidence might be admitted to show the property to be the same as that mortgaged; but it is not admissible as against a bona fide purchaser. He stands upon the notice which the record of the mortgage charges him with. The parol evidence is not notice to him." *Stewart* v. *Jaques*, 77 *Ga.* 365 (3 S. E. 283, 4 Am. St. R. 86).

The bill of sale of the property here in question to secure the debt, as between the grantor and the grantee, was not void in that the description was not sufficient to identify the property. It might here be noted that the language in the bill of sale clearly indicates the purpose to cover all of the grantor's dairy herd at his Buckhead Dairy, including all bulls which were a part of the herd. *Beaty* v. *Sears & Bennett*, 132 *Ga.* 516 (64 S. E. 321); *Biggers* v. *Webb*, 58 *Ga. App.* 688 (199 S. E. 759); *Veazie* v. Somerby, 87 Mass. 280, 285.

Until the claimant shows that she has some right about to be affected, which had not been done at the time of the overruling

of the motion to dismiss the levy, she is in no position to question the sufficiency of the description for she would be merely busying herself in a matter with which she had no concern. *Nussbaum* v. *Waterman & Co.*, supra.

The judge did not err in overruling the claimant's motion to dismiss the levy for want of a sufficient description of the property in the bill of sale, and because the description in the levy did not follow the description in the bill of sale.

In special ground one of the motion for new trial the defendant complains of the following excerpt from the charge: "Gentlemen, I charge you that where a bill of sale to secure debt is foreclosed and a levy made thereunder upon the property described therein, and a claim is filed thereto by a claimant, proof by the plaintiff in fi. fa., or party foreclosing the bill of sale, that the title or possession was in the defendant in fi. fa. at either the date of the fi. fa., or since, proof of such possession in the defendant in fi. fa. makes out a prima facie case in favor of the plaintiff, and the burden of proof is shifted to claimant to show by a preponderance of evidence that the title to the property was in him."

The claimant contends that the date in question should have been the date of the bill of sale and not the date of the fi. fa.

"By statute ordinary judgments have a lien from their date upon all property, real and personal, of the defendant, then owned or afterwards acquired. Where a levy is made under a judgment of that class, it suffices, therefore, to prove possession in the defendant at the time of the levy, or at any time subsequent to the rendition of the judgment, as a basis for presuming title to the property and attachment of the judgment lien upon it. But the rule does not apply to mortgage executions. The lien is lodged in the mortgage, and not in the levy, execution or judgment of foreclosure. *Richards* v. *Myers*, 63 *Ga.* 762. In order for the lien of the mortgage to attach upon the property, title must have been in the mortgagor when the mortgage was executed, or he must have had possession then so as to raise the presumption of title. *Butt* v. *Maddox*, 7 *Ga.* 495; *Gunn* v. *Jones*, 67 *Ga.* 398. It is not sufficient to prove possession in the mortgagor at the time of the levy." *Morris* v. *Winkles*, 88 *Ga.* 717, 719 (15 S. E. 747).

Thus we think that the instruction, that proof of possession in the defendant in fi. fa. at or after the date of the fi. fa. made out a prima facie case in favor of the plaintiff, was contrary to law, the correct rule in this case being that the burden of proof was on the plaintiff to show either title or possession in the defendant in fi. fa. on the date the bill of sale was executed.

There was evidence that the claimant, Mrs. A. M. Potts, was in possession of the herd of cattle, or rather she was in possession by her agent, A. M. Potts, on the date of the execution of the bill of sale, and that the title to the herd was in her. There was no evidence that she held under A. M. Potts, the grantor in the bill of sale. Thus proof by the plaintiff that the defendant in fi. fa. was in possession of them on the date of the levy or since would not be sufficient to attach a lien upon the property by virtue of such bill of sale and make out a prima facie case for the plaintiff in fi. fa.

Possession is prima facie evidence of ownership. This rule of law was so charged. The application of this rule of law may have been controlling under one phase of the evidence. Here the levy stated that the dairy cattle in question were in the possession of the defendant in fi. fa. on the date of the levy, and the sheriff so testified from the witness stand. Under such a charge, this evidence that the defendant in fi. fa. was in possession of such property "at the date of the fi. fa. or since" would have made out a prima facie case for the plaintiff, even though the defendant in fi. fa. was not in possession of the property on the date the bill of sale was executed. This is contrary to the law governing this case. The erroneous charge was nowhere specifically corrected by the trial judge.

"The jury must take the whole charge as the law, and it is not for them to select one part to the exclusion of another, nor to decide whether one part cures or qualifies another, without being instructed so to do by the judge." *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239); *Western & Atlantic R. Co.* v. *Sellers,* 15 *Ga. App.* 369 (83 S. E. 445); Friel *v.* Wildwood Ocean Pier Corporation, 129 N. J. L. 376 (29 Atl. 2d, 554). O'Donnell *v.* Kraut, 242 Wis. 268 (7 N. W. 2d, 889). See, in this connection, *Savannah, Florida & Western Ry. Co.* v. *Flaherty,* 110 *Ga.* 335 (35 S. E. 677).

It is well settled in this State that an erroneous instruction on a given subject is not cured by the fact that the law is correctly stated elsewhere, for it cannot be known whether the jury have been guided by the correct rule or by the incorrect rule. Since the court did not at any time in his charge specifically call the attention of the jury to the fact that it was intended to correct what had been said in the erroneous instructions here in question, and the general instructions elsewhere given were not so plain as to cure the pointed and explicit erroneous instructions in question, we think that the court committed reversible error. *Kelly* v. *Locke*, 186 *Ga.* 620, 627 (198 S. E. 754); *Morrison* v. *Dickey*, 119 *Ga.* 698, 701 (46 S. E. 863).

■ The claimant proffered an amendment, which alleged that the contract relied upon by the plaintiff in mortgage fi. fa. was entire, and not divisible, being a contract for a single loan to the mortgagor, the defendant in mortgage fi. fa., in the sum of $42,-500, for which a single deed to both land and personalty was taken as security; and that, after advancing $31,000 on its undertaking, said plaintiff in mortgage fi. fa. repudiated the contract by refusing to advance the remaining $11,500, and is now seeking to enforce the contract it so repudiated. The court refused to allow this amendment, which refusal the claimant now assigns as error.

The applicable rule is stated in *Wash* v. *First National Bank of Albany*, 99 *Ga.* 592 (1) (27 S. E. 167), as follows: "Upon the trial of an ordinary claim to property levied upon under a distress warrant apparently regular and valid on its face, the claimant has no right to show that the plaintiff therein had no lien for rent upon the property in dispute, and that consequently the distress warrant was illegally issued." The court in this case said that the true rule which should govern in such cases and the reasons upon which that rule is founded are given in *Horne* v. *Powell*, 88 *Ga.* 637 (15 S. E. 688), which latter case has been consistently followed by all subsequent cases and cited as controlling for the rule therein stated. The same rule has been applied by the Supreme Court to the foreclosure of a mortgage on personalty in *Ford* v. *Fargason*, 120 *Ga.* 606 (2, 3, 4) (48 S. E. 180), wherein it is said: "2. Unless an execution issued upon the foreclosure of a chattel mortgage be arrested by counter-affidavit, it is a final

■

process. See *Bank of Forsyth* v. *Gammage*, 109 *Ga.* 222 (34 S. E. 307), and cases cited. 3. The only persons authorized to file such counter-affidavit are the mortgagor, his special agent or legal representative, and a creditor of the mortgagor. Civil Code, §§ 2765, 2768, 2769 [Code of 1933, §§ 67-801, 67-802, 67-805]. 4. When such an execution is levied upon the mortgaged property and a claim is interposed thereto, the claimant, upon the trial of the claim, can not amend the same by alleging that the mortgagor is not indebted to the mortgagee, nor introduce evidence tending to show it. See *Wash* v. *Bank*, 99 *Ga.* 592." In *Collier* v. *Blake*, 16 *Ga. App.* 382 (85 S. E. 354), it was stated that no counter-affidavit was filed in that case, and it followed the rule in *Ford* v. *Fargason*, supra.

Applying these rules to the instant case, where the claimant does not claim title to the property levied upon by a conveyance from the husband, the mortgagor, or any of his successors in title, but claims that she purchased the cows from a third party, on the trial of the statutory claim to the property levied upon under the chattel mortgage fi. fa., which was apparently regular and valid on its face and no counter-affidavit had been filed by the defendant in fi. fa., the claimant has no right to allege or prove that the mortgagor is not indebted to the mortgagee in whole or in part.

The facts of this case differentiate it from *Smith* v. *Lockett*, 73 *Ga.* 104, *Calhoun* v. *Williamson*, 189 *Ga.* 65 (5 S. E. 2d, 41), *Oliver* v. *Parramore*, 66 *Ga. App.* 584 (18 S. E. 2d, 562), and other cases cited by the plaintiff in error in discussing this assignment of error.

It follows that the assignment of error on the refusal of the court to allow the claimant's proffered amendment, alleging that the mortgagor was not indebted to the mortgagee, is not meritorious.

The other assignments of error, under the record, are without merit. As the case will go back for another trial, where the evidence may not be the same, this court, following the usual practice, will not rule upon the sufficiency of the evidence to support the verdict.

*Judgment reversed. Gardner and Townsend, JJ., concur.*