113     267
117     4 42

New Home Sewing Machine Company, Appellant, vs. Simon, Respondent.

*January 28—February 18, 1902.*

*Guaranty: Conditional delivery: Waiver: Evidence: Court and jury: Appeal and error: Former adjudication: Instructions to jury.*

1. In an action on a contract of guaranty, delivered contrary to an agreement whereby it was not to take effect until executed by another surety, a judgment for plaintiff was reversed. On a retrial, evidence, introduced for the first time, tended to show that before the guaranty had been accepted, or any goods furnished thereunder, the obligee's agent visited the guarantor to obtain his signature to a property statement; that the guarantor took the paper, signed the statement as requested, and handed it back to the agent, informing him that it was conditionally signed, and was not binding as a contract of guaranty until signed by another surety. *Held,* that the question whether the guarantor expressly or impliedly waived the condition under which he first signed the guaranty, was for the jury.

2. Where, after a decision on appeal, a cause is retried, error cannot be assigned because the trial court followed the decision of the appellate court.

3. In an action against a guarantor, evidence of a conversation between the principal debtor and the agent of the obligee, the guarantor not being present, is incompetent and immaterial.

4. Where no instructions to the jury are requested, and no complaint made that the instructions given were not proper so far as they went, except one, which followed the decision of the supreme court rendered on a former appeal in the same action, error cannot be assigned because the court did not fully instruct the jury on all the material issues.

5. Waiver, when put forward as a ground of action or as a defense, is affirmative matter to be established by the party alleging it.

APPEAL from a judgment of the circuit court for LaCrosse county: CHAS. M. WEBB, Judge. *Affirmed.*

Action to recover on a contract of guaranty. The instrument on its face purports to have been made by defendant August 27, 1895, guarantying plaintiff payment for goods sold by it to R. L. C. Holbek to the amount of $2,000. The defense, in the main, is that the paper was signed on condition that it should not be binding on defendant till another signer thereto should be obtained. There was evidence tending to prove that the paper was so signed and left with Holbek to be delivered when another signer should be obtained; that it was delivered in violation of such condition; that plaintiff did not accept it and furnish any goods on the faith thereof till it communicated with defendant through its agent; that the agent saw defendant and requested him to sign a property statement which was upon the paper and designed to be a part of the completed instrument; that defendant then informed such agent that the paper was signed on condition that it was not to take effect till another signer should be obtained; that he signed the property statement as requested, and handed the paper back to the agent informing him of the condition as aforesaid; that thereafter, without any additional signer having been obtained to the paper, plaintiff sold goods to Holbek, by which he became indebted to plaintiff so as to render defendant liable on the guaranty for the full sum of $2,000 if liable at all.

At the close of the evidence it was claimed on the part of plaintiff that the transactions between plaintiff's agent and

defendant constituted a new and unconditional execution, and delivery of the contract of guaranty to plaintiff. A directed verdict was accordingly requested, which was denied. On the other hand defendant's counsel claimed that such circumstances and the other evidence showed conclusively that such contract was conditionally executed, that the condition was insisted upon when the property statement was signed, and that plaintiff sold the goods to Holbek with full knowledge of all the facts affecting the validity of the guaranty. A nonsuit was accordingly requested, which was denied. The jury rendered a general verdict for defendant.

*George H. Gordon,* for the appellant.

For the respondent there was a brief by *Winter & Esch,* and oral argument by *Frank Winter.*

MARSHALL, J. The principal questions governing this case were settled on the former appeals reported in 104 Wis. 120, and 107 Wis. 368. Very little need be said now. No new question is presented, as it seems, except in respect to some small matters of detail in the trial. The main contention of appellant's counsel is that what happened at the meeting between plaintiff's agent and respondent rendered the occurrences between the latter and Holbek when the guaranty was signed immaterial; that respondent, at such meeting, in effect re-executed the paper and gave it to the agent unconditionally. If the evidence sustains that contention, certainly a verdict should have been directed in appellant's favor; but it does not. There is no need to refer to the evidence in detail. It is sufficient to say that it tends to show that appellant's agent visited respondent to obtain his signature to the property statement; that appellant had not then accepted the guaranty or furnished any goods on the faith of it; that respondent took the paper into his hands, signed the property statement as requested, and handed the instrument back to the agent, informing him that it was conditionally

signed and was not to be binding as a contract of guaranty till signed by another surety. The best that can be said for appellant is that the evidence would permit, reasonably, a finding either way as to whether, at the interview between respondent and appellant's agent, the former waived the condition imposed when he signed the paper and left it with Holbek, so that it was a question for the jury whether there was such a waiver or not.

Counsel insists that it was the duty of respondent, when the paper was placed in his hands by the agent, to have retained it, or else, in handing it back to the agent, to have distinctly stated that no goods should be furnished to Holbek on the strength thereof till another signer should be obtained; and that his failure to do either was a waiver of the condition with which the paper was signed and left with Holbek. That question having been twice heretofore decided in favor of respondent, it seems that it may well be considered closed beyond hope for reconsideration. On both of the former appeals it was distinctly held that if, at the meeting between respondent and appellant's agent, the latter was informed that the paper was conditionally signed, that was sufficient to charge appellant with notice that it was not to be a binding obligation upon respondent in advance of compliance with the condition. A failure to follow the decision of the court in that regard upon the second trial was the primary reason why a third trial was made necessary. On the first appeal this language was used in the opinion:

"The fact that the agent notified defendant that plaintiff would extend credit to Holbek did not call for any protestation from him that he would not be bound by the letter of guaranty. When knowledge came to plaintiff, if it did so come, that the letter of guaranty had been wrongfully delivered, it had no right to ignore the fact. It proceeded thereunder at its peril, and, unless defendant is guilty of some act that would amount to an estoppel, is without remedy."

The situation now is this: On the second trial the jury were instructed the same as counsel for appellant now contends the law to be as regards the duty of respondent at the time appellant's agent presented the paper to him. A third trial was made necessary by reason thereof. He now says that compliance by the trial court with the decision of this court upon the former appeals was error and that a fourth trial should be granted. The mere statement of the proposition sufficiently answers it against appellant's contention. The court is powerless to review the question presented even if there is any reasonable doubt of its correctness, and there is none. We are not unmindful of the new element brought into the case on the last trial, of the signing of the property statement. That did not change the situation. The question was still for the jury as to whether respondent then notified the appellant's agent of the condition with which the contract of guaranty was signed and left with Holbek, and whether he expressly or by implication waived such condition.

Error is assigned because the court struck out the evidence of appellant's agent as to some conversation he had with Holbek before he visited respondent on the occasion of the latter's signing the property statement. We are not able to perceive how such conversation, in the absence of respondent, was competent as against the latter. What Holbek said to the agent was mere hearsay as regards the issues in this action, and what the agent said to Holbek was certainly immaterial. The conversation had no legitimate bearing upon what actually occurred between the agent and respondent.

Error is assigned because the court did not fully instruct the jury on all the material issues. No subject is definitely pointed out upon which the court did not sufficiently instruct the jury, except one as to which the evidence was stricken out on appellant's motion before the cause was submitted to the jury. No reason is perceived for complaint upon appellant's part in any event, because no instructions were requested by

its counsel, and no complaint is made but that the instructions given were proper so far as they went, except one to the effect that the burden of proof was upon plaintiff to satisfy the jury that the condition upon which the guaranty was originally signed was subsequently waived. It is a sufficient answer to that to say that the court was bound to so instruct the jury,—to conform to the decisions of this court on the former appeals. Moreover, it is elementary that waiver, when put forward as a ground of action or as a defense, is affirmative matter to be established by the party alleging it. The case appears to have been carefully tried in strict conformity to the law as previously settled for the purposes thereof.

*By the Court.*—Judgment affirmed.