TETZLAFF, Appellant, vs. PILOT PRESS, INC., Respondent.

*May 3—June 1, 1955.*

For the appellant there was a brief and oral argument by *Samuel Goldenberg* of Milwaukee.

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara*.

BROADFOOT, J.  At the trial the defendant introduced testimony that indicated that the sales in its job-printing department decreased materially during the time the plaintiff was employed and that it had requested the plaintiff to furnish a daily report of the calls made by him. The defendant also offered testimony to show that although the plaintiff had filed some reports he had not made daily reports in writing. The plaintiff admitted that he had been requested to make daily reports but that a form thereof was to be printed by the defendant and copies furnished to him for that purpose. It is clear that he was not furnished with the printed forms for the making of the reports. In the opinion of the defendant, plaintiff's poor showing and his failure to furnish the reports justified his discharge.

In a written decision in response to the motions after verdict, the trial court gave as his reason for granting the new

trial, that the jury had disregarded his instructions in returning a verdict for $2,000. It was the trial court's feeling that the plaintiff was entitled to a verdict for approximately $3,800 or the defendant was entitled to a finding of no cause of action. The trial court was of the opinion that the damages were capable of mathematical computation and that the finding of the jury bore no reasonable relation to the uncontroverted evidence as to damages introduced at the trial and therefore reflected compromise and perverseness on the part of the jury.

The court relied upon the cases of *New Home Sewing Machine Co. v. Simon,* 107 Wis. 368, 83 N. W. 649, and *General Die & Stamping Corp. v. Bolens,* 205 Wis. 664, 238 N. W. 814. Those cases, however, are not applicable. It is true that where there is a legal measure of damages the jury must determine the amount thereof as a fact according to that measure. For a breach of an employment contract the one injured is entitled to fair and just compensation commensurate with the loss sustained. However, the party injured has the duty of using ordinary care and making all reasonable efforts to render the injury as light as possible. He must use reasonable diligence to protect himself from loss and to mitigate damages.

The excess of plaintiff's earnings from April, 1953, to the termination date of the contract were credits to which the defendant was entitled. The defendant was also entitled to a credit for a reasonable amount to offset plaintiff's expenses. A verdict of $3,800 in favor of the plaintiff would have been excessive upon the record here as that sum would not reflect the credits to which the defendant was entitled. From the record the jury could not make an exact mathematical computation of plaintiff's damages. Since the parties gave the jury little help, so far as the credits were concerned, the jury was required to use its best judgment in that regard. Under

the circumstances we feel that the jury rendered a commendable service and arrived at a fair result in fixing plaintiff's damages. Upon the record the trial court was in error in ordering a new trial.

*By the Court.*—Order reversed. Cause remanded, with directions to enter a judgment in favor of the plaintiff and against the defendant for the sum of $2,000 together with costs and disbursements.