THE ATLANTIC CITY RAILROAD COMPANY, PLAINTIFF IN
    ERROR, v. BERTHA KIEFER, ADMINISTRATRIX, &c.,
    DEFENDANT IN ERROR.

Argued June 14, 1906—Decided June 10, 1907.

Whether a person who has alighted from a standing train at a station,
    and who is crossing the railway tracks by a planked way provided
    by the company for that purpose, after the train from which he
    has alighted has moved out, is still a passenger entitled to so cross
    without looking or listening, is a question of fact for the jury,
    where, under the proof, reasonable men may differ as to whether
    he was proceeding from the station platform to a place of safety
    within a reasonable time after he had alighted from the train.

On error to the Camden Circuit Court.

Before Justices FORT, PITNEY and REED.

For the plaintiff in error, *J. Willard Morgan* and *Thompson & Cole.*

For the defendant in error, *John W. Wescott* and *Ralph W. E. Donges.*

The opinion of the court was delivered by

FORT, J.    On August 31st, 1903, Charles W. Kiefer was a
passenger on a train of the Atlantic City Railroad Company,
leaving Camden at six forty-two P. M., and due at Clementon
station at seven fifteen P. M.    The train arrived at the Clem-
enton station on time, and Kiefer alighted from it on the
station platform on the west of the tracks.    The railroad at
this point is double tracked, the tracks extending north and
south.    The station building at Clementon is on the west side
of the tracks, and there is also a platform on the east side.
From the station platform on the west, to the passenger plat-
form on the east, there is a planked passageway across the
tracks, which is provided for the use of passengers in crossing
from one platform to the other, as well as generally by the
passengers when leaving or boarding the trains.    There was

no fence between the tracks, nor other obstruction on the railway right of way at this point. It also appeared by the proof that, on leaving the train, passengers alighted from either side of the cars, as suited their convenience.

On the night in question several passengers alighted from the east side of the train and passed over the track adjoining that on which the train stood, to the platform on the east, and thence off the same to the highway to go to their respective homes. Kiefer's most direct way to go home was to go across the tracks from the west platform, on which he alighted, to the east platform, and thence to the highway. On the night in question the train from which Kiefer alighted stood directly over the planked way. After he alighted, the proof is that he stopped long enough to light his pipe, he having gone across the west platform to the side of the station building for this purpose. After lighting his pipe, and after the train from which he alighted had pulled out for a distance, variously estimated by the witnesses as being from one hundred and seventy-five to seven hundred feet from the place where he had alighted from the train, he proceeded to cross the tracks by the planked way, from the station platform on the west to the passenger platform on the east, and was killed by an express train coming from the opposite direction from that taken by the train from which he alighted.

On this state of facts a nonsuit was asked, and, when the case was closed, there was also a motion for the direction of a verdict for the defendant. These motions, we think, under the authority of the case of *Atlantic City Railroad Co.* v. *Goodin,* 33 *Vroom* 394, were rightly denied. Under the proof (1), whether the deceased was a passenger, or (2), whether he was guilty of contributory negligence in what he did, or (3), whether the defendant was guilty of negligence in operating its train, were all questions for the jury.

The plaintiff made three requests to charge, all of which were charged.

The third request was as follows:

"3. The deceased, Mr. Kiefer, was a passenger, so long as he was lawfully and with ordinary care using the foot-

crossing in question for the purpose of crossing the defendant's tracks to get upon the public highway."

The objection urged against the law as thus declared is that it took from the jury the question of whether Kiefer was or was not a passenger at the time he was killed, and substituted therefor the mere fact that he was lawfully crossing the tracks at the time he was killed.

If so, the charge was erroneous. If he was not a passenger at the time he was struck, he was required, in crossing the tracks, to exercise all the care that a reasonably prudent man would exercise in crossing railway tracks under like circumstances.

The plaintiff's proof disclosed the fact that the deceased neither looked nor listened as he crossed, and it was, therefore, for the jury to say, if they found he was not a passenger, whether he was or was not guilty of contributory negligence in thus crossing.

Whether, therefore, Kiefer was bound to anticipate the approach of a train from the opposite direction, depends upon whether the jury should say, under the proof, that he was, at the time he was hit, still a passenger, passing from the train to a place of safety off the premises of the defendant company by the way provided by the defendant for that purpose.

The effect of charging the third request was to practically charge that Kiefer was a passenger so long as he was lawfully crossing the tracks of the company, no matter how far the train from which he had alighted had moved out. The jury was told that Kiefer was a passenger so long as he was lawfully and with ordinary care using the planked way for the purpose of crossing to get to the public highway.

This made the deceased a passenger from the mere fact that he was lawfully and with ordinary care crossing the planked way.

One may be lawfully using a crossing, such as the planked way proven in this case, and still not be a passenger. A railway track is a place of known danger, and the care required of one crossing the same, who is not a passenger, is such as is commensurate with the danger; the care that a reasonably

prudent man would take under like circumstances. One might be crossing this planked way after having visited the station for any lawful purpose, and hence be lawfully using the same, but this would not excuse him from the duty to look or listen for approaching trains. Whether a person passing across a railway track by a planked way provided for that purpose, after he has alighted from the train and after it has moved out from the station, is still a passenger and entitled to cross without looking or listening, is a question of fact for the jury, if there be controversy under the proof as to whether the person claiming to have been a passenger proceeded from the station to a place of safety within a reasonable time after alighting from the train.

The rule is that the relation of passenger and carrier, when established, does not terminate until the passenger has reached his destination, alighted from the train, and had a reasonable time in which to leave the place where passengers are discharged. 4 *Ell. Rail.,* § 1592; *Houston & T. C. R. Co.* v. *Batcheler,* 83 *S. W. Rep.* 902 (*Tex.*); *Imhoff* v. *C. & M. R. Co.,* 20 *Wis.* 344; 5 *Am. & Eng. Encycl. L.* 497.

The relation of carrier and passenger continues until the passenger has left the carrier's premises, or has been allowed a reasonable time to leave the premises. *Hansley* v. *Jamesville & W. R. R. Co.,* 44 *Am. St. Rep.* 474.

What, under all the circumstances, is a reasonable time, is a question of fact for the jury. *Houston & T. C. R. Co.* v. *Batcheler, supra.*

Reasonable time is defined in *Imhoff* v. *C. & M. R. Co., supra,* as the time in which persons of ordinary care and prudence, under like circumstances, get off the car.

The mere fact that a person is lawfully crossing a railway track is not enough to entitle him to claim the rights of a passenger.

A person alighting from a *standing train,* and crossing the tracks to get to the station platform, a place of safety, is undoubtedly a passenger, and is not required to look or listen in anticipation that a train may pass and hit him. That law is too familiar to require any citation of authority. But this

rule does not apply after the train moved out. *Goldberg* v. *New York Central and Hudson River Railroad*, 133 N. Y. 561.

How long may a person remain at a station, after alighting from the train, and after it has moved out, before crossing the tracks to get to a place of safety, and still remain a passenger and be freed from any duty to look out for himself in such a place of known danger?

The court cannot, in such a case, take from the defendant the right to have the jury say whether the person injured was or was not a passenger. There must be some period of time, after a train moves out of a station, when even one who has been a passenger, although lawfully crossing, cannot go blindly across the tracks without using any care to protect himself against the dangers that are always to be anticipated when crossing railway tracks. *Hansley* v. *Jamesville & W. R. R. Co., supra.*

In this case the proof was that the deceased, at the time he was hit, was not looking, but was walking leisurely with his head down. It was not even a clear case, under the proof, for refusing a nonsuit, but it certainly was a case where the jury must first find, to entitle the plaintiff to recover, that, at the time the deceased was injured, he was still a passenger, and hence free from the obligation to look or listen. If they cannot so find, there should be a verdict for the defendant, notwithstanding the fact that the person injured was lawfully crossing the tracks when the accident happened. One may be lawfully crossing railway tracks and still not be a passenger entitled to assume that a train will not be moved along the tracks while he is crossing them to reach a place of safety, or for some other lawful purpose. A person who may be lawfully upon railway tracks, but who is not found to be a passenger, has no rights that rise higher than those which flow from the fact that he is upon the tracks by the defendant's invitation, and the law does not relieve such a person from the duty to exercise care commensurate with the dangers surrounding him.

The judgment of the Camden County Circuit Court is reversed and a *venire de novo* awarded.