FRANK GARRETT, PLAINTIFF, DEFENDANT IN ERROR, v.
ATLANTIC CITY AND SHORE RAILROAD COMPANY,
DEFENDANT, PLAINTIFF IN ERROR.

Argued June 2, 1909—Decided November 8. 1909.

1. A traveler on a railroad train ceases to be a passenger when
after alighting from his train upon the railroad platform, he has
passed from that platform and off the railroad property to a public
highway on which he intends to cross the railroad tracks.
2. A railroad company owes no duty of care to a traveler that, after
alighting from a train on a station platform, undertakes to cross
the railroad tracks at a place on the company's property not
provided or designated for that purpose by the railroad company.

On error to the Atlantic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and PARKER.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

PARKER, J.   The defendant company operates by electricity
a railroad line extending from Atlantic City to and beyond a
station called Central avenue, Linwood.   The plaintiff took
passage from Atlantic City on one of the defendant's trains as
far as Central avenue, where he alighted.   At that point the
railroad has two tracks about eight feet apart, crossing a
public highway at grade, and about at right angles.   There
was no station building, but there were two small platforms
outside of the tracks and respectively on the farther side of
the road from approaching trains, and thus diagonally oppo-
site one another.   Plaintiff's home was across the tracks from
the platform on which he alighted, and his route thither was
by the road.   Accordingly he would naturally pass from the

platform into the road, then across the track in rear of the train from which he had just alighted, and over the second track used by trains running in the other direction. It was dark and there was a thunderstorm. Plaintiff's case was that he alighted on the platform, walked off it into the road and around behind his own train and was struck by a train running in the opposite direction, and negligently operated in disregard of a rule of the company as to sounding gong bell and blowing whistle, and especially of a rule that "a train approaching a station where a passenger train is receiving or discharging passengers must be stopped before reaching the passenger train." The defendant's claim was that plaintiff's train was under full headway when the other train passed it, and that plaintiff ran out from behind his train in front of the one that struck him. From this it might be inferred that plaintiff was not crossing by the road, but rather taking a short cut across the tracks. It was also a disputed question whether signals were given as required.

The court charged in substance that for plaintiff to recover it must appear, among other things, that he was still a passenger of the defendant company at the time of the accident, and left it to the jury to say whether he was a passenger or not. On this branch of the case the trial judge charged in part:

"Was he a passenger at the time of this collision? In a case in another county before this court, and in which both of the distinguished counsel who appear before you here participated, or, rather, in the review of that case before the Supreme Court, Justice Fort (now Governor Fort), speaking for the Supreme Court, declared the law upon this subject to be as follows: 'The rule is that the relation of passenger and carrier, when established, does not terminate until the passenger has reached his destination, alighted from the train and had a reasonable time in which to leave the place where passengers are discharged.' I know of no more concise, clear statement of the law than this. 'The relation of carrier and passenger continues until the passenger has left the carrier's premises, or has been allowed a reasonable time to leave the

premises. What, under all the circumstances, is a reasonable time, is a question of fact for the jury.' Had Garrett had a reasonable time to leave the premises of the defendant, or the place where he was deposited, when this accident occurred? There are two versions of where this accident occurred. His recollection is that he got out of the car, stepped from the platform to the street, and immediately started to cross the tracks in the rear of the car from which he alighted, and in so doing came in contact with the car passing in the opposite direction. The men in charge of the car going northward say that the southbound car passed them a considerable distance— I will not attempt to give the distance; you will recall it— south of the platform, and that as the car passed Garrett at that point emerged from the rear of the southbound car, and before they could stop the car they came in contact with him. Wherever this occurred, had he been allowed a reasonable time in which to leave the place where he was deposited? If such a period of time had not intervened, he was still a passenger, and, if a passenger, he has a right to invoke the law of the state, and the rule of the company, which was to guard him against an approaching train from the opposite direction."

The decision from which the learned trial judge quoted as above is evidently that in *Atlantic City Railroad Co.* v. *Kiefer,* 46 *Vroom* 54 (at *p.* 57), and the rule, as quoted, is undoubtedly sound law; but there was error in the application of it to the case at bar, and in leaving the jury to decide whether under the circumstances of the case plaintiff was still a passenger. If the defendant's claim was correct, plaintiff was substantially a trespasser on the tracks. The platforms, as we have seen, were not opposite each other, and the company had provided no connecting pathway across the tracks. The route from either platform was directly to the highway. If, then, plaintiff undertook to cross the tracks off the highway he was pursuing a course not pointed out to him by any act or sign of the defendant. In this aspect of the case the rule invoked by the learned trial justice has no application, for in the case cited there was a planked passageway across the

tracks, provided especially for the use of passengers, and the jury question arose, not because of the place where the plaintiff's intestate was struck and killed, but from his delay in using the means of exit provided for him. The case of *Atlantic City Railroad Co.* v. *Goodin,* 33 *Id.* 394, is also distinguishable. In that case there was an intervening track between the train and the station, and the spaces between the rails were filled up to the level of the top of the rails. It is evident, therefore, that on defendant's theory of the case plaintiff was not exercising the rights of a passenger and could not be regarded as such.

A similar result is reached by adopting plaintiff's theory. Taking his statement as true, he had passed off defendant's premises into the high road. The question of being allowed a reasonable time in which to leave those premises was not involved, because he already had left them, and had thereby ceased to be a passenger. *Allerton* v. *Boston and Maine Railroad Co.,* 146 *Mass.* 241. The fact that plaintiff had to cross the tracks to reach his house imposed no duty on the defendant of protecting plaintiff as a passenger in making a crossing. Its duty to him in that capacity was performed by providing a safe path from its train to the highway, at which point its responsibility to its passengers as such terminated. Consequently on either theory of the case there was no question as to his being a passenger for the jury to pass upon.

Exceptions were taken and sealed to the submission of this question to the jury, and to the rules laid down for determining it, as being inapplicable, and these exceptions are assigned for error. We think these assignments are well founded, and that the trial court should have instructed the jury that plaintiff was not a passenger at the time of the accident; that if he was attempting to cross the railroad in the highway his rights were those of a traveler on such highway; but if he was attempting to cross away from the highway the defendant owed him no duty of care.

The judgment will be reversed and a *venire de novo* awarded.